May Term, 1860.

THE BOARD OF COMMIS- SIONERS, &c., v. BROWN.

</div>

---

<div style="text-align:right">

| 14 | 191 |
| 133 | 216 |

</div>

THE BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY *v.* BROWN.

THE SAME *v.* WEASNER.

Upon the dismissal of an appeal, the parties are out of Court; and the refiling of the record is the institution of a new suit, at least so far as to require that notice shall be given to the defendant.

A rehearing cannot be had upon an affidavit filed more than 60 days after the judgment.

Where the appellant submitted a cause in the Supreme Court without the appellee being in Court, and the cause proceeded to judgment before the error was discovered, the Court granted a rule upon the appellant, and ordered notice thereof, to show cause why the judgment should not be revoked, and the submission set aside.

APPEAL from the *Huntington* Court of Common Pleas.

<div style="text-align:right">

Thursday, May 31.

</div>

May Term,
1860.

The Board
of Commis-
sioners, &c.,
v.
Brown.

HANNA, J.—Motion for a rehearing. An opinion was pronounced, and a judgment of reversal rendered, in this case, at the *May* term, 1858 (1). At the present term by affidavit on the part of the appellee, it is made to appear that the record in the cause was filed in this Court on the 15th of *November*, 1855, and notice issued, which was served a few days thereafter. At the *November* term, 1856, the appellant was called and the appeal dismissed. On the 19th of *May*, 1857, the record was refiled, and on the 5th day of the *May* term, 1857, the defendant was called, and the case submitted by the appellant. That after the refiling no notice was given nor appearance entered.

Upon the dismissal of an appeal, the parties are no longer in Court; and the refiling of the record is the institution of a new suit, at least so far as to require that notice shall be given to the defendant, &c. It is not shown by the record, in the case at bar, that any such notice was given, nor appearance entered after the refiling of the record. The affidavit was not filed until after the expiration of sixty days from the rendition of the judgment, within which time, under the statute, a petition for a rehearing must be filed.

Under these circumstances it is too late to seek relief from the judgment here rendered, by an application for a rehearing, in the precise form in which that remedy has usually been resorted to, even if it was at any time the proper mode of proceeding.

Taking the affidavit to be true, the appellee was not in Court when the case was submitted; evidently the Court was in error as to that fact, if the affidavit is correct; and the question is, what is the remedy? Our statute, in terms, has not provided any.

In some states the difficulty in analagous cases is, we believe, reached by writ of error *coram nobis;* in other Courts by motion, supported by affidavits, if need be. *Pickett's Heirs* v. *Ledgerwood,* 7 Peters, 144.—2 Tidd's Pr. 1056.—*De Witt* v. *Post,* 11 Johns. 460.—Steph. Plead. 151.—Archb. Pr. 212.—Bouv. Law Dic. 664.

It would, therefore, appear that two modes have been resorted to by Courts to correct judgments of the same Court,

based upon certain errors of fact occurring before such judgment.

May Term, 1860.

THE BOARD OF COMMISSIONERS, &c., v. BROWN.

So far as we are informed, no case has occurred in which either mode has heretofore been resorted to in this Court.

By the statute organizing this Court, authority is given to "establish modes of practice which may be necessary in the exercise of its authority;" and further, "to establish regulations respecting proceedings which are requisite in such Court, in the exercise of its authority, not specially provided for by law." 2 R. S. p. 2.

If a rule should be granted upon the appellant to show cause, if any can be shown, why the judgment and submission shall not be revoked and set aside for the error complained of, the answer might be in the form of an affidavit, and thus make an issue of fact proper, perhaps, to be tried by a jury, rather than by a contest of affidavits. If a contest of affidavits would be the necessary result of setting down a rule, we should, in consequence of our aversion to that practice, be very much inclined, if possible, to adopt a different mode of proceeding. But by statute, 2 R. S. p. 164, § 582, "All questions of ·fact to be determined in the Supreme Court shall be tried according to rules, to be adopted by the Court." This statute would, we are inclined to believe, authorize the submission, &c., of questions of fact thus raised, to a jury for trial (if we should determine that such was the proper mode of trial), whose decision, perhaps, either party might insist upon obtaining, under that clause of the constitution which provides that, in civil cases, the right of trial by jury shall remain inviolate. Art. 1, § 20. But this question, of the manner of trying an issue of fact thus presented, we need not now decide.

We are strengthened in our inclination to adopt this mode of proceeding, from the fact that by the statutes regulating appeals to this Court, it is provided that "writs of error are hereby abolished." 2 R. S. pp. 158, 381.—5 Ind. R. 300. And although the statutes appear to have peculiar reference to the mode of proceeding in bringing before this Court questions determined in other Courts, yet the language is so broad that it may, perhaps, include a writ of

May Term, 1860.

error in reference to a decision in this Court, if such could at any time have been granted.

We think, therefore, that a rule should be set down on the appellant, and notice thereof given, to show cause why the judgment heretofore rendered in this Court shall not be revoked, and the submission of the case set aside.

*Per Curiam.*—It is so ordered.

*J. U. Pettit* and *C. Cowgill*, for the appellants.

*J. R. Coffroth*, for the appellee.

(1) See the case in 10 Ind. R. 259.