## TOLERTON & STETSON CO. v. CASPERSON.

1. On an appeal to this court, it is sufficient to serve the undertaking on appeal on the opposite party, and file it with the clerk of the trial court.

2. Where the appellant includes in his abstract evidence which respondent claims was not before the court below, and does not constitute a part of the bill of exceptions, it is the proper practice to bring the same to the attention of this court by an additional abstract.

3. When respondent claims that the affidavit to the undertaking on appeal is insufficient in form, it is proper practice to bring the same before this court by an additional abstract.

4. An affidavit for an undertaking on appeal that does not substantially comply with the provisions of Section 5232, Comp. Laws, renders the undertaking ineffectual as an undertaking on appeal.

5. This court, upon a proper showing, and upon such terms as may be just; is authorized to permit a new and sufficient undertaking to be filed in this court in such case.

6. An assignor for the benefit of creditors, whose property was attached before such assignment, has such a reversionary interest in the assigned estate that he may move to vacate the attachment.

7. Where a person tacitly encourages an act to be done, he cannot afterwards exercise his legal right in opposition to such consent, if his conduct or act of encouragement induced the other party to change his position so that he will be pecuinarily prejudiced by the assertion of such adverse claim.

(Syllabus by the Court. Opinion filed June 22, 1895.)

Appeal from circuit court, Kingsbury county. Hon. J. O. ANDREWS, Judge.

Action in attachment. From an order dissolving an attachment, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Schenian & Savage* for appellant.

A chattel mortgage is fraudulent as to creditors when there is an agreement between the parties that the mortgagor may use and dispose of the mortgaged goods in the usual course of trade. First National v. Comfort, 28 N. W. 855; Greeley v. Winsor, 2 S. D., 361; Anderson v. Patterson, 25 N. W. 541; Wile v. Butler, 34

Pac. 1110; Aikin v. Pascoll, 24 Pac. 1039; Buford v. McPhorter, 21 Pac. 86.

A fraudulent disposition of property invalidates a subsequent assignment for the benefit of creditors where it appears that the assignment is a part of a scheme to defraud creditors. Scott v. Vandegreft, 10 S. 455; Faferay v. M'Gehee, 2 S. C. 367; Rice v. Frayser, 24 Fed. 460; Burrell on Assign., 352; Pierson v. Manning, 2 Mich. 460; Caldwell v. Williams, 1 Ind. 460; Schoolfield v. Johnson, 11 Fed. 297; Dodd v. Martin, 15 Fed. 338; Collins v. Davis, 1 S. W. 684; McReynolds v. Dedman, 1 S. W. 552; Hill v. Woodbury, 49 Fed. 318; Rothenberg v. Bradley, 10 S. 922. Estoppels *in pais* arise upon facts which render their application equitable and just and are recognized in courts of law and equity. Barnard v. German Am. 13 N. W. 811; Westbrook v. Guderian, S. W. 59; Newman v. Mueller, 20 N. W. 843; Swain v. Seamans, 75 N. S. 554. An assignee of attached property may appear and make application to have it released. Waples on Attach., 414; Shoe v. Mechanics, 89 N. Y. 440; Bamn v. Rapheal, 57 Cal. 361 Chandler v. Nash, 5 Mich. 409.

*Whiting & Cooley,* for respondent.

Where the statute is not complied with either in serving bond or in its contents, the court has no jurisdiction. Valley v. Schone, 2 S. D. 344; Eureka v. Slateman, 30 N. W. 241; Rudolph v. Herman, 2 S. D. 399. When the facts set forth in the attachment affidavit are put in issue the burden is upon the party relying upon them to make them good by further proof. Wyman v. Wilmarth, 1 S. D. 172; Noyes v. Lane, 1 S. D. 125; Dolan v. Armstrong, 53 N. W. 132; Champion v. Updyke, 29 Pac. 573; Janes v. Swank, 53 N. W. 634; Wade Attach., 280; 1 Am. and Eng. Ency. Law, 931.

A person cannot be estopped by an executory agreement. Starry v. Koral, 21 N. W. 600; Warder v. Baker, 11 N. W. 342; Phillipsburg v. Fulmer, 86 Am. Dec. 193. Estoppels are not favored. Whealon v. North, Ins., 9. Am. St. 226; Bigelow Estop. 559; Blodgett v. Parry, 10 Am. St. 307. All the essential ele-

ments of estoppel must be clearly proved, and the evidence should be precise, clear and unequivocal.    Gull River v. Keefe, 6 Dak. 169.

A person claiming his exemptions out of attached property has such an interest that he may attack the attachment.    First National v. Randall, 37 N. W. 799; King v. Remington, 29 N. W. 361; Porrit v. Boorman, 21 N. W. 393; Dickinson v. Benham, 10 Ab. Pr. 390.

CORSON, P. J.    This is an appeal from an order discharging an attachment.    There are two preliminary motions—one on the part of the appellant, and one on the part of the respondent—necessary to be determined.

The motion of the appellant is to strike out the respondent's additional abstract, for the reason that such abstract "is not a further or additional abstract, showing matters necessary to a full understanding of the questions presented, but is simply a printed motion, under the guise of an abstract, to strike out certain parts of appellant's abstract."    In the appellant's abstract appear copies of a trust deed and an inventory, which the respondent, in his additional abstract, denies were introduced in evidence, or considered by the court on the motion to discharge the attachment. This is a matter which can be determined from an examination of the original records in this court.    When a respondent desires to correct the appellant's abstract by striking out matters that are not contained in the original record, an additional abstract is proper.    Bringing this matter to the attention of this court, therefore, by an additional abstract, is the proper practice, and the motion to strike out the same is denied.

Respondent moves the court to dismiss the appeal upon two grounds:   First, because the undertaking on appeal was not served upon the clerk of the court; second, because the affidavits of the sureties are insufficient to render the undertaking on appeal available as an undertaking.

It is not necessary to serve the undertaking on an appeal on the clerk.   It is sufficient to file the same with the clerk, with the

notice of appeal. Comp. Laws, section 5231. By section 5215, the notice of appeal is required to be served upon the clerk, as well as upon the adverse party, but the undertaking on appeal is not, by that section, required to be served upon the clerk. The service referred to in section 5231 is the service upon the party only.

In support of the second ground the respondent brings to the attention of this court, by his additional abstract, the justification to the undertaking on appeal, from which it appears that the same is defective, in that it omits the clause required by section 5232 to be contained in the undertaking, namely, "in property within this state not by law exempt from execution." This section of the statute is mandatory, and provides: "An undertaking upon an appeal shall be of no effect unless it be accompanied by the affidavit of the sureties, in which each party shall state that he is worth a certain sum mentioned in such affidavit, over and above all his debts and liabilities, in property within this territory not by law exempt from execution, and which sum so sworn to by such sureties shall, in the aggregate, be double the amount specified in said undertaking." The undertaking is clearly insufficient, and must be disregarded. But the appellant asked leave, under the provisions of section 5235, to file a new undertaking, and submitted to the court an undertaking executed in due form, at the time appellant's motion was presented. Section 5235 provides as follows: "When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual, or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the supreme court, or any one of the justices thereof, may permit an amendment, or the proper act to be done on such terms as may be just." The defect in the justification in this appeal was evidently made through a mistake or accident, and hence, under the liberal provisions of that section, we are of the opinion that the appellant should be permitted to file a new undertaking as a substitute for the defective one now on file

in this case. The above section was taken from the statutes of Wisconsin, and in Helden v. Helden, 9 Wis. 508, and Falk v. Goldberg, 45 Wis. 94, the section seems to have received a very liberal construction, and we think properly so. The motion to dismiss the appeal is denied, but without costs, and appellant's motion to substitute a new undertaking is granted.

This brings us to the merits. It is contended by the respondent that as the defendant and apppellant made an assignment of all his property for the benefit of his creditors subsequently to said attachment, but before the motion to discharge the same was made, he had no such interest in the property attached as would enable him to make this motion to discharge, as by the assignment his interest in the property terminated. That question was before this court in Bank v. Carroll, 1 S. D. 372, 47 N. W. 397, and it held that "an insolvent debtor, who has made a general assignment for the benefit of creditors, has such a reversionary interest in the assigned estate that he may move to vacate an attachment upon a direct traverse of the procuring affidavits." That decision rules this case, and disposes of the question presented.

Appellant further contends that the defendant and respondent is estopped from questioning the attachment proceedings for the reason that he advised the attachment proceedings, and that it was because of the respondent's advise and statement that the appellant took out the attachment. We are of the opinion that the appellant is right in its contention. It is quite clear from the affidavit of appellant's attorney, Mr. Merrick, who acted for the plaintiff and appellant in taking out the attachment, that he was encouraged, if not directly requested, by the respondent to take out the same. Mr. Merrick first sought to get security by way of a second chattel mortgage, and as to this he, in his affidavit, says: "Deponent further says that at that time the said defendant told this deponent that he would not sign the said chattel mortgage for the reason that if he did he could not claim his exemptions, and if this deponent would attach he could then claim his exemptions. Said defendant also told this deponent that plaintiff was

defendant's largest creditor, and he wanted plaintiff paid in full, and that, if plaintiff did not attach some one else would. He also told this deponent that if he knew as much about his business as he did, and that if he knew what defendant had been doing, and what he intended to do, deponent would not hesitate to attach his property. Defendant also told this deponent that if he would attach he (defendant) would not resist the attachment, but would only claim his exemptions, and let this plaintiff get his money out of it. Deponent further says that, from the statements made to this deponent by said defendant as above alleged, he believed that the said defendant has been fraudulently disposing of his property with intent to defraud his creditors, and that he was about to assign, dispose of, or secrete his property with intent to defraud his creditors. Deponent further says that he believed the statements made to him by said defendant to be true, and that he believed the said defendant would do as he told this deponent he would do, and that he believed that if an attachment was issued against said defendant the said defendant would not attack it upon any grounds, but would allow this plaintiff to proceed and get its money out of it as he agreed, and, had it not been for the representations and promises of said defendant to this deponent, he would have never caused an attachment to issue in this case. Deponent further says that, after the above representations and promises made by said defendant to this deponent, he proceeded to De Smet, South Dakota, and caused an attachment to issue, and caused it to be levied upon the property of said defendant; that before the levy of said attachment he had a conversation with said defendant, in the presence of R. H. Richardson, the sheriff of Kingsbury county, South Dakota, and in that conversation the said defendant told this deponent that he had no objections to said attachment, and was satisfied that said plaintiff should attach, and that not until after he made the first statement to this deponent did this deponent order the sheriff to attach. Deponent further says that he acted in good faith." Mr. Merrick is corroborated, in effect, by Mr. Richardson, the sheriff of Kingsbury county, who

served the attachment papers.    He says:    "Upon arrival at said store the said H. H. Merrick told said defendant that he was there with the sheriff to attach his stock of goods, and thereupon the said defendant replied that that was all right; that he was satisfied; that he wanted the plaintiff to get its money out of it; that, if the plaintiff did not attach, some one else would; that he would take his exemptions out of it.    The said H. H. Merrick then asked the said defendant if he had any objections to said attachment, and whether he was satified that the attachment should be made; and thereupon said defendant replied that he had no objections, and that he was satisfied that plaintiff should attach, and get its money out of it.    Deponent further says that after the said attachment and levy the said defendant delivered to this deponent the keys to said store, without any objections, and afterwards assisted the said sheriff in making the inventory of the property attached, and while making the said inventory, and before the execution and delivery of the assignment for the benefit of his creditors by said defendant, which was made on the 16th day of November, 1893, the said defendant told this deponent that he was satisfied with the attachment of the plaintiff, and wanted the plaintiff to get its money out of it, and that all he expected to get was his exemptions."

The affidavit of the respondent, in which he, to some extent, attempts to contradict the statements of Mr. Merrick and Sheriff Richardson, is very unsatisfactory, and leaves but little doubt upon the mind that when the attachment was levied he regarded it as the best thing for him, as he could then take out his exemptions.    And it is quite clear that he was not only satisfied to have the attachment taken out, but encouraged, if he did not directly request, said Merrick to take the proceedings.    He cannot be permitted to afterwards change his mind to the prejudice of appellant.    Having, by his acts and statements, induced the appellant, through its attorney Merrick, to believe that he was satisfied with, if he did tot actually request him to take out, the attachment, he is estopped from now claiming that the attachment was not prop-

erly sued out. The law of an estoppel *in pais* is well settled, and is thus stated by the supreme court of the United States in Dickerson v. Colgrove, 100 U. S. 578: "The vital principal is that he who, by his language or conduct, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is strictly forbidden. It involves fraud and falsehood, and the law abhors both. This remedy is always so applied as to promote the ends of justice. It is available only for protection, and cannot be used as a weapon of assault. It accomplishes that which ought to be done between man and man, and is not permitted to go beyond this limit. It is akin to the principal involved in the limitation of actions, and does its work of justice and repose where the statute cannot be invoked." And in Swain v. Seamens, 9 Wall. 254, that court said: "Where a person tacitly encourages an act to be done, he cannot afterwards exercise his legal right in opposition to such consent, if his conduct or acts of encouragement induced the other party to change his position so that he will be pecuniarily prejudiced by the assertion of such adverse claim." It would be manifestly unjust, in the case at bar, to permit the respondent, after what transpired, to make the motion to discharge the attachment. It will be noticed that Mr. Merrick says that the respondent said to him, in the conversation in the forenoon, "that if he [Merrick] knew what defendant had been doing, and what he intended to do, deponent would not hesitate to attach his property. Defendant also told the deponent that if he would attach he (the defendant) would not resist the attachment, but would only claim his exemptions, and let the plaintiff get its money out of it." These statements are not directly, nor even indirectly, denied by the defendant. He attempts to give a somewhat different version of the conversation, but he nowhere denied the foregoing statement of Mr. Merrick. It will thus be seen that he gave Merrick clearly to understand that his past and contemplated future transactions were such as to fully justify appellant in attaching, and encouraged the appellant

to attach by informing the agent that "he would not resist the attachment." If he had not done the acts nor had the intention of doing what would justify the attachment, he was clearly misleading the agent and it would be encouraging falsehood and fraud to permit the respondent to interpose any objections to the attachment proceeding after. such statements. It is to evident, from the record of this case, that the respondent changed his mind after the attachment was served. This, as before stated, he should not be permitted to do, to the prejudice of the appellant.

As the preponderance of the evidence is largely in favor of appellant, the court evidently took an erroneous view of the law governing the case, and its decision must be reversed, and it is so ordered. And it is further ordered that the new undertaking submitted on the hearing be filed and substituted for the original undertaking, as of date of April 21, 1894, when the same was presented to this court.