## HAZELTINE V. BROWNE.

1. Under Comp. Laws, Sec. 5232, declaring that unless the sureties on an appeal bond, being excepted to by respondent, justify within 10 days, "the appeal shall be regarded as if no undertaking had been given," their failure to justify leaves the appeal ineffectual for any purpose, it being declared by Sec. 5219 that "to render the appeal effectual for any purpose, an undertaking must be executed."

2. Service of notice of exception to sureties on appeal bond, when personal, may be at any time before 12 p. m. of the last of the 10 days allowed by Comp. Laws, Sec. 5232, therefor; the limitation as to 9 p. m. in Sec. 5328 providing "the service may be personal, * * * or where there is no person in the office, by leaving it between" 6 a. m. and 9 p. m. not applying to personal service.

3. Under Comp. Laws, Sec. 5218, providing that an undertaking on appeal "may be waived in writing" it is not waived by the parties stipulating for extension of time for serving abstracts and briefs, and respondent serving and filing a brief in the appellate court, after expiration of the 10 days after exception to sureties, allowed by Sec. 5232 for justification by them.

(Opinion filed Nov. 30, 1896.)

Appeal from circuit court, Brown county.   Hon. A. W. CAMPBELL, Judge.

Action to set aside a statutory foreclosure of a real estate mortgage.   Defendant had judgment, and plaintiff appeals. Appeal dismissed.

The facts are stated in the opinion.

*George S. Engle*, for appellant.

*W. F. Mason* and *L. W. Crofoot*, for respondent.

CORSON, P. J. This case comes before us on a motion to dismiss the appeal. The affidavit upon which the motion is made states, in substance, that a notice of appeal and undertaking on appeal were served on the 10th day of June, A. D. 1896; that on the 20th day of the same month a notice of exceptions to the sufficiency of the sureties on the undertaking was duly served upon the appellant's attorney in person, and that the sureties have never justified. The respondent therefore insists that at the expiration of the ten days allowed the sureties to justify by statute this court lost jurisdiction of the appeal, there being thereafter no undertaking on appeal in the case.

The facts stated in respondent's affidavit are not denied by the appellant, but he shows by affidavit that the notice that the sufficiency of the sureties was excepted to was served upon the attorney at 10:30 p. m., and that, subsequently to the expiration of the 10 days allowed by law in which the sureties are required to justify, a stipulation was made by the attorneys of the respective parties, extending the time for serving abstract and briefs, and also that the respondent has served and filed a brief in this court. Appellant therefore contends that the notice of exceptions to the sufficiency of the sureties was served too late, and that by the stipulation and service and filing a brief the respondent has waived the failure of the justification of the sureties, and the appeal is still properly in this court.

This court held, in Bonnell v. VanCise, 67 N. W. 685, that serving and filing an undertaking on appeal was necessary in order to transfer the case to this court, and give this court jurisdiction of the appeal. Sec. 5232, Comp. Laws, provides that "the respondent may, however, except to the sufficiency of the sureties, within ten days after the notice of the appeal, unless they or other sureties justify * * * within ten days thereafter, the appeal shall be regarded as if no undertaking had been given." The failure, therefore, of the sureties to justify, left the appeal, in legal effect, ineffectual for any purpose (Sec. 2519, Comp. Laws), as that section declares that "to render

the appeal effectual for any purpose, an undertaking must be executed." And Sec. 2531 provides that the undertaking must be served and filed with the notice of appeal. It would seem to logically follow, therefore, that upon the expiration of the ten days allowed for the justification of the sureties after the notice of the exception to their sufficiency, this court would cease to have jurisdiction of the appeal, if it in fact ever acquired jurisdiction; for, if the appeal is to "be regarded as if no undertaking had been given," there is no undertaking on appeal, and hence the appeal is "not effectual for any purpose." As was stated in Bonnell v. Van Cise, *supra*, the provisions of the Code of Civil Procedure of the state of New York as it existed in 1862, upon the subject of appeals to the appellate court, were identically the same as those found in our Code of Civil Procedure as to the service of notice of appeal, undertaking on appeal, and the exceptions to and the justification of sureties on the undertaking on appeal. The decision in Kelsey v. Campbell, 38 Barb. 238, is, therefore, directly in point in this case. The statement of facts, so far as the same are material to the question now before us, is as follows: "It appeared on the part of the defendant that a notice of appeal, with undertaking, affidavit, and certificate of acknowledgement were filed in the office of the clerk of the county of Kings, dated the 29th of July, 1861, the day they were filed, and copies thereof were on the next day duly served on the attorney for the plaintiff. Notice of exceptions to the sureties upon the undertaking was on the 1st day of August duly served by the plaintiff's attorney upon the attorney for the defendant in the judgment. The sureties failed to justify, and on the 14th of September thereafter notice was given to the sheriff that the undertaking was not perfected, and the court afterwards denied a motion made by the defendant for leave to the sureties to justify, a copy of which order denying the motion was, on the 20th of the same month, served upon the sheriff. Notice was also given to the sheriff that, the sureties having failed to jus-

tify, he was required to proceed in the execution of the writ." The court held, as appears by the headnotes, which seem to be a condensed statement of the court's decision, as follows: "An appeal without an undertaking is not effectual for any purpose, and is a nullity. It makes no change in the proceedings, but leaves them in the same condition they were in before the notice of appeal was given. Hence, when the sureties in an undertaking on appeal fail to justify, the notice of appeal, with all the proceedings connected therewith, fall to the ground, and the parties are remitted to the same condition they were in before the notice was given." Unless the facts stated by the appellant show, therefore, that the notice of the exception to the sureties was not served in time, or the failure of the sureties to justify was waived, the appeal should be dismissed.

The contion of the appellant is that the service, being made upon the tenth day after the notice of appeal was served, should have been made before 9 o'clock p. m., and that the service at 10:30 p. m. was not within time, and he calls our attention to Sec. 5328, Comp. Laws. By that section "the service may be personal or by delivery to the party or attorney, on whom the service is required to be made; or it may be made as follows." The limitation in the following Subdivision 1, "or where there is no person in the office, by leaving it between the hours of six in the morning and nine in the evening," does not apply to personal service. We are of the opinion that personal service upon the attorney may be made at any time before midnight of the last day of service. The service, therefore, made upon the attorney personally at 10:30 p. m., was sufficient service.

We are also of the opinion that the execution of the stipulation and serving and filing a brief in this court by the defendant did not affect the right of the respondents to have the appeal dismissed. Sec. 5215 provides that "the appeal shall be deemed taken by the service of the notice of the appeal, and perfected on service of the undertaking for costs, or

the deposit of money instead, or the waiver hereof [thereof], as hereinafter prescribed." And Sec. 5218 provides that "any such undertaking and deposit may be waived in writing * * * , and such waiver shall have the same effect as the giving of the undertaking would have had." The statute having prescribed the manner in which the undertaking can be waived namely, "in writing by the respondent," this is the only manner by which such a waiver can be shown. When the waiver is made in the manner prescribed, the court has jurisdiction of the appeal, notwithstanding the failure to serve and file an undertaking; but such jurisdiction can only be conferred by the waiver in writing. The stipulation and serving and filing of a brief in this court might constitute a waiver of an irregularity that by the rules of this court is made a ground for a dismissal of the appeal, but cannot confer jurisdiction upon this court. The service of notice of appeal in the manner prescribed, and of an undertaking, deposit of money with the clerk, or waiver of such undertaking and deposit in writing, are jurisdictional acts, and are not waived by an appearance in this court. Gold St. v. Newton, 2 Dak. 39, 3 N. W. 311. It would seem that under the practice in the state of New York no formal judgment of dismissal, in a case like the present, is necessary; but under the provisions of our code ( Sec. 384; Comp. Laws, Sec. 5194) a formal judgment of dismissal is required. That section reads as follows: "When an action is dismissed from any court for want of jurisdiction or because it has been regularly transferred from an inferior to a superior court, the costs must be adjudged against the party attempting to institute or bring up the action." *In re* Weber (N. D.) 59 N. W. 523. The appeal will therefore be dismissed, without prejudice.