COBURN v. BOARD OF COM'RS OF BROWN COUNTY *et al.*

1. Though the dismissal of an appeal, void for want of jurisdiction, leaves unimpaired the party's right to perfect an appeal within the time allowed, it carries everything in connection with the appeal. So, where appeals were ineffectual because taken before the orders were entered, a subsequent notice of appeal from both orders, with no undertaking, cannot be aided by the undertaking on one of the former appeals; and appellant will not be allowed to remedy a defect in such undertaking, so that it can be used for such purpose.

2. No appeal lies from an order or judgment till the latter has been entered as a permanent record of the court below. HANEY, J., dissenting.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Brown county. Hon. A. W CAMPBELL, Judge.

Prohibition. From orders overruling a demurrer to the petition, and denying a motion to vacate a writ of prohibition, defendants took separate appeals. Dismissed.

The facts are stated in the opinion.

*S. H. Cranmer*, for appellants.

*J. H. Hauser*, for respondent.

FULLER, J. From an examination of the record as to the point's suggested by respondent's motion to dismiss this appeal, we find that an order of the circuit court, made May 1, 1897, overruling defendant's demurrer to plaintiff's petition for a writ of prohibition, was neither filed nor entered as a record of that court until the 21st day of the following September, and that defendants appealed therefrom to this court on the 11th day of May, 1897, and filed a defective undertaking on appeal, upon which no return or admission of service appears. Again, on the 20th day of September of that year, they served and filed a second notice of appeal, stating therein that they appealed from an order made on the 27th day of May, 1897, overruling a motion to vacate and set aside a writ of prohibition theretofore issued in the case, and notifying respondent that a reversal of the order from which the first appeal was taken would be insisted upon. The undertaking upon appeal, in this instance, like the former, was objectionable, in that the sureties, in justifying, failed to state that they were each worth double the amount specified in property within this state above all debts liabilities and exemptions. After the orders above mentioned had been entered in the court below, and on the 1st day of October, 1897, the following notice of appeal, being the one upon which appellant now relies, was served and filed, but no further undertaking on appeal was in any manner provided: "Please take notice that the above named defendants hereby appeal to the supreme court of the state of South Dakota from

the whole of the judgment and order of the circuit court heretofore made and entered herein, overruling defendant's demurrer to the plaintiff's complaint herein.    And you are further notified that said defendants hereby appeal to said supreme court of the state of South Dakota from the whole of the judgment and order of said circuit court heretofore made and entered herein, whereby the said circuit court denied the motion of said defendants to vacate and set aside the peremptory writ of prohibition issued herein on the 12th day of May, 1897."

Upon the hearing of the motion to dismiss these appeals, counsel for appellants made application to supply a proper justification of the sureties on their undertaking on appeal filed on the 11th day of May, 1897, and, in resistance of the motion to dismiss, now maintains that if in all the papers that have been served and filed, including the undertaking offered at the hearing of his motion, there appears one such notice as the law requires and one such undertaking as the law requires, the motion to dismiss should not be granted; but we are unable to sanction the contention of counsel, and deny the application, as the jurisdiction of this court depends upon an appeal duly perfected, and not upon independent attempted appeals, which, being nugatory, must fall by their own weight and together. In State v. Lamm (S. D.) 69 N. W. 592, it was held that no appeal lies until the order or judgment sought to be reversed has been entered as a permanent record of the court below; and it therefore follows that as nothing towards bringing the subject-matter from the circuit court to this court was effectually done until September 21, 1897, when the orders complained of were entered, the notice of appeal served and filed October 1st, immediately succeeding, was the first step in the line of appellate procedure, and the former so-called "appeals" are dismissed. Manifestly, the dismissal of an appeal, void for want of jurisdiction, remits the parties and the case to prior existing conditions, leaving unimpaired the statutory right to take and perfect an appeal at any time within the period allowed by law.

While the order overruling the demurrer was the only subject of appeal taken May 11, 1897, and the liability of the sureties was limited in that undertaking on appeal to the costs and damages incident to an affirmance of said order, the two latter notices of appeal include an entirely different order made subsequently and with reference to which said undertaking has no application. As the dismissal of an appeal carries with it everything in connection therewith, and the parties are no longer in this court, a new notice of appeal and a new undertaking are most obviously the jurisdictional requisites of a later appeal, which presents the same and an additional question. Board of Comr's v. Brown, 14 Ind. 191; Ashley v. Brasil, 1 Ark. 144; McWilliams v. Michel, 43 La. Ann. 984, 10 South. 11. Although the notice of appeal now under consideration was served upon the adverse party and the clerk, and filed, as the law requires, the appeal, in the absence of an undertaking, deposit, or waiver thereof, is effectual for no purpose, and a mere nullity. Bonnell v. Van Cise, 8 S. D. 592, 67 N. W. 685. It follows that the motion of respondent should be sustained, and the appeal is accordingly dismissed.

HANEY, J., dissenting.

Rehearing denied, June 15, 1898.