## MATHER V. DARST *et al.*

1. A motion by respondent to file a supplemental abstract, denying that an undertaking on appeal was served, four months after the case was submitted on the merits, will be denied.

2. Service of undertaking on appeal on the respondents is unnecessary, to confer jurisdiction on the appellate court, under Comp. Laws, §§ 5215, 5219, providing for service of notice of appeal, and that an undertaking must be executed by the appellant.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Grant county.     Hon. A. W. CAMPBELL, Judge.

Action between Frederick E. Mather and James Darst and others.    From the judgment, Mather appeals.    Motion to dismiss appeal denied.

*A. W. Wilmarth,* for appellant.

*Thomas L. Bouck* and *Ivan W. Goodner,* for respondents.

CORSON, P. J.    This case comes before us at this time on two motions made on the part of respondents, one of which is

for leave to serve and file a supplemental abstract on their part denying that the undertaking on appeal was served, and the other is that upon the filing of such supplemental abstract the appeal be dismissed. The case was before us on the 17th day of November, 1898, upon a motion made by respondents to dismiss the appeal on the ground that the abstract did not affirmatively show that the undertaking on appeal was served upon the respondents or their attorneys. Upon the hearing, it appearing to the court that an undertaking had been executed and filed, appellant was allowed, upon his application, to amend his original abstract so as to show the service of undertaking on appeal, and the motion of respondents was thereupon denied. The case was then submitted to the court upon the merits. We think that the motions of respondents now made come too late, being nearly four months after the case was submitted to this court upon its merits, and must therefore be denied.

Counsel for respondents contended that the service of the undertaking upon the respondents presents a jurisdictional question, and that, in the absence of such service, this court has no jurisdiction of the appeal. In this contention, counsel are clearly in error. By Section 5215, Comp. Laws, it is provided that "the appeal shall be deemed taken by the service of the notice of the appeal and perfected on service of the undertaking for costs." And Section 5219 provides, "To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant." When the notice of appeal is duly served, and an undertaking executed, this court has jurisdiction of the appeal, although the appeal may not be perfected by the performance of all the acts specified in the

statute.  This is made clear by Section 5235, which prescribes that "when a party shall in good faith give notice of appeal and shall omit through mistake or accident to do any other act necessary to make it effectual  *  *  *  the supreme court or any one of the justices thereof may permit an amendment or the proper act to be done on such terms as may be just."  In Bonnell v. Van Cise, 8 S. D. 592, 67 N. W. 685, this court held that an undertaking, or a deposit in lieu thereof, or a waiver, was an essential requisite of an appeal, and that when notice of appeal was served, and no undertaking executed, this court acquired no jurisdiction of the appeal.  This case was followed in Coburn v. Board, 10 S. D. 552, 74 N. W. 1026.  In Tolerton & Stetson Co. v, Casperson, 7 S. D. 206, 63 N. W. 908, this court held that appellant, in case of an undertaking rendered ineffectual by reason of his failure to substantially comply with the provisions of Section 5232, Comp. Laws, might file a new undertaking curing such defect.  Since that decision, this court has permitted appellants to file new undertakings when the originals were defective in several instances, and, in effect, held that the court had jurisdiction of the appeals.  The failure to serve the undertaking as prescribed in Section 5231 does not, therefore, affect the jurisdiction of the court; and the service of the undertaking might now be allowed to be made, under the provisions of Section 5235, if the motions had been made in time.  The motions of respondents are denied.