## McCONNELL *et al.* v. SPICKER.

1. Where the names of the parties to the action are correctly given in a notice of appeal, and it does not appear that any judgment except the one appealed from was rendered between them, the mere fact that the notice incorrectly states the date of entry of the judgment is not ground for dismissing the appeal.

2. Where a notice of appeal was duly served, and an undertaking in fact executed, the supreme court has jurisdiction, though the appeal may not have been perfected by serving notice of the undertaking on defendants.

3. Comp. Laws, § 5219, provides that, to render an appeal effective, an undertaking must be executed by the appellant, conditioned for the payment of the judgment, etc. Section 5232 gives the respondents the right to except to the sufficiency of the sureties on such undertaking within 10 days after notice of the appeal. *Held* that, since the failure to execute an undertaking until 8 days after service of the notice of appeal deprived respondents of a portion of the time allowed them under the statute to except to its sufficiency, such failure rendered the appeal ineffective.

4. Where the record shows that the appeal has not been perfected by filing an undertaking within the specified time, the supreme court has no jurisdiction, and will dismiss the appeal on its own motion.

(Opinion filed July 18, 1900.)

Appeal from circuit court, Roberts county. Hon. A. W. CAMPBELL, Judge.

Action on a note by S. R. McConnell and I. C. McConnell. co-partners as S. R. & I. C. McConnell, against F. T. Spicker. From a judgment in favor of plaintiffs, defendant appeals. Appeal dismissed.

*T. M. Grant* and *C. E. DeLand*, for appellant.

*Barrington & Lane* and *Ivan W. Goodner*, for respondents.

CORSON, J. The respondents move to dismiss the appeal in this case upon the grounds—First, that in the notice of appeal it is stated that the judgment appealed from was entered on the 6th day of December, 1899, and that in fact there was no judgment entered in said court between said parties on said date; second, that no undertaking on appeal to the supreme court was on the 2d day of January, 1899, at the time said notice of appeal was served, served upon respondents' attorneys, or at any time served upon respondents or their attorneys. The first ground of the motion is without merit. The notice of appeal gives the names of the parties, and, it not appearing that any other judgment was rendered between the parties, the error in stating that the judgment was entered on the 6th day of December, instead of the 1st, which was in fact the day the judgment was entered, could not have misled or prejudiced the respondents. The second ground of the motion is disposed of by the case of Mather v. Darst, 11 S. D. 480, 78 N.W. 954.. In that case this court held: ''When the notice of appeal is duly served, and an undertaking executed, this court has jurisdiction of the appeal, though the appeal may not be perfected by the performance of all the acts specified in the statute.'' If there were no other grounds for the dismissal of the appeal of which the court could take notice, the motion would have to be denied, but it appears from an inspection of the record in this case that no undertaking on appeal was in fact executed until eight days after the notice of appeal was served. It therefore affirmatively appearing from the record, made a part of the moving papers, that no undertaking was executed when the notice of appeal was served, this court has no jurisdiction of the appeal, and it must therefore upon its

own motion dismiss the same.   By section 5219,  Comp. Laws,
it is provided that "to render an  appeal  effectual  for any pur-
pose an undertaking must be executed  on  the  part of the ap-
pellant;" and by section 5232 it is  provided  that  the respond-
ent may except to  the  sufficiency  of  the  sureties  within ten
days after such notice of  the  appeal,  and that  unless  other
sureties justify. etc.,  the appeal shall be regarded  as if no un-
dertaking had been given.    This latter section clearly contem-
plates that the undertaking shall be executed at the time of the
service of the notice of appeal.   If  no  undertaking  for  costs
has been executed at the  time  of  the  service  of  the  notice
of  appeal,  no  appeal  is  taken,  and  no  authority  seems
to  be  given  for  subsequently  executing  such  an  un-
dertaking.    If  a  party  appealing  may  execute his under-
taking on appeal eight days after the notice of appeal is served.
he may execute it at any other time  without  notice  to  the re-
spondent.    As will be seen, the respondent is  limited  to  ten
days after notice of the appeal in which to  except to the suffi-
ciency of the sureties.    If the undertaking  can  be  executed at
any time subsequent to the service of  the  notice  of  appeal, a
respondent may be deprived entirely of  his  right  to  except to
the sureties.    In view of all the provisions of the statute, there-
fore, we are clearly of the opinion that the  undertaking  in this
case, executed eight days after the notice of appeal was served,
is ineffectual for any purpose.

Counsel for the appellant read on the  hearing  a  counter
affidavit giving various conversations between  himself and the
attorneys for the respondents, which were, in effect, that they
were satisfied with the notice of appeal;  but  counsel  can only
bind their clients in such case by a waiver  of  the undertaking
in writing, and signed by the attorneys.   Section  5218. Comp.
Laws.   The affidavits of appellant's  counsel  and  the  counter

affidavits of respondents' counsel must therefore be disregarded. These views lead to the conclusion that the appeal in this case must be dismissed without prejudice, and it is so ordered.