KING et al., Appellants, v. HEIB et al., Respondents.

(136 N. W. 106.)

**Appeal from Order—Time to Appeal—Power of Court.**

Notice of appeal from an order sustaining a demurrèr was served October 2nd; notice of entry of the order was served August 3rd; undertaking on appeal was served October 4th.

**Held,** the Supreme Court must sustain a motion to strike the case from the records of the court; otherwise the time for taking such appeal would, in effect, be extended, and this the court cannot do under Sec. 561, Code Civ. Proc.; following Aldrich v. Public Opinion Printing Co., 27 S. D. 589, 132 N. W. 278; this although appellant has moved to be relieved from default, presenting affidavits attempting to excuse delay in serving undertaking.

Haney and Corson, J. J., dissenting.

(Opinion filed, May 7, 1912.)

Appeal from Circuit Court, Lyman County. Hon. FRANK B. SMITH, Judge.

Action by Edward King and another against Jacob Heib and another. From an order sustaining a demurrer to the complaint, plaintiffs appeal. Cause stricken from records of the court.

*J. G. Maughan, E. R. Slifer,* and *H. L. Moses,* for Appellants.

*William Williamson, Jr.,* and *James Brown,* for Respondent.

WHITING, J. This cause is before the court upon a motion by respondents asking that it be stricken from the records of this court. It is an appeal from an order sustaining a demurrer to a complaint. It stands conceded that the notice of entry of such order was served on appellant August 3, 1911; that on October 2, 1911, appellant served on respondents' attorney a notice of appeal; that the undertaking on appeal was not served until October 4, 1911. The above facts bring this motion directly under the ruling of this court in the case of Aldrich v. Public Opinion Printing Co., 132 N. W. 278, and the motion must prevail, unless a counter motion of appellant should be sustained. Appellant has moved this court to be relieved from his default and has presented affidavits attempting to excuse the delay in service of undertaking. To grant this relief would be an extending of the statutory time for appeal, and this the court cannot do, either as an appellate court or as the tribunal to which an appellant may apply under section 461 of the Code of Civil Procedure.

The effect of striking this cause from the records of this court will be to leave it as it would have been if there had been no attempt to appeal, and, if appellant is still desirous of review-

ing the decision of the trial court upon such demurrer, he may do so upon an appeal from any judgment that has been or may be entered by such court.

It is directed that the cause be stricken from the records of this court.

HANEY, and CORSON, JJ., dissenting.