REED, Appellant, v. TODD et al., Respondents.

(154 N. W. 447.)

(File No. 3873.   Opinion filed October 18, 1915.)

1. **Appeals—Undertaking, Justification Under—Time for Justification—Statute—Ineffectual Appeal—Jurisdiction—Striking Files From Record—Costs—Futile Act, Showing by Appellant.**

Under Code Civ. Proc., Sec. 458, providing that unless, within ten days after respondent's exceptions to appellant's sureties on the appeal undertaking, they or other sureties justify, the appeal shall be regarded as if no undertaking had been given, **held**, that where the date on which appellant served notice that justification would be made was subsequent to date of expiration of said ten days, the appeal, after the ten days, stood as if no undertaking had been given, and was ineffectual for any purpose, and the Supreme Court lost all jurisdiction of the cause, except to strike files from record and to award judgment for costs.

2. **Appeals—Undertaking—New Undertaking Under Original Notice of Appeal—Limitation for Appeal—Statute.**

Code Civ. Proc., Sec. 442, limits time for taking an appeal from a judgment to Supreme Court to two years from perfection of judgment by filing judgment roll.   Sec. 319 requires clerk of court to make up judgment roll "immediately after filing the judgment."   Under Sec. 321, a judgment may be docketed by clerk after filing of judgment.   Sec. 461 provides that where an appellant who in good faith has given notice of

appeal but who through accident or mistake omits to do any other act necessary to perfect an appeal, including giving of a proper undertaking, the trial or the Supreme Court may permit amendment, including giving of a new undertaking. **Held,** that, it appearing that the judgment appealed from was filed and docketed not later than July 24, 1913, a motion for leave to serve and file a new undertaking, made on October 6, 1915, must be denied, since granting same would in effect extend time for taking an appeal. **Held,** further, that it is incumbent upon appellant to affirmatively show facts authorizing granting of the relief demanded, and that a compliance therewith will benefit him, and will not be a mere futile act, because of expiration of time for appealing.

Appeal from Circuit Court, Edmunds County. Hon. JOSEPH H. BOTTUM, Judge.

Action by Nancy Reed against Wilbert A. Todd and others. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Appeal stricken from records.

*Chas. H. Bartelt,* for Appellant.

*W. F. Mason,* and *L. W. Crofoot,* for Respondents.

(1)   Under point one of the opinion, Respondent cited:

Comp. Laws (1887) Sec. 5232, 5219; Hazeltine v. Browne, 9 S. D. 351, 69 N. W. 579; Code Civ. Proc., Secs. 458, 445; Donovan et al. v. Woodcock, 18 S. D. 29, 99 N. W. 82.

(2)   Under point two of the opinion, Respondent cited:

McConnell, et al. v. Spicker, 13 S. D. 406, 83 N. W. 435.

Respondent submitted that:

The new undertaking not accompanied by any notice of appeal, tendered after respondent had excepted to the sufficiency of the sureties on the undertaking filed with the notice of appeal and time for such sureties to justify had expired, is ineffectual; and cited: Donovan v. Woodcock, supra.

WHITING, J.   [1-3]   Notice of appeal herein was served July 23, 1915. On July 27, 1915, the respondent served notice that he excepted to the sureties on the appeal undertaking. Section 458, C. C. P., provides.

"The respondent may, however, except to the sufficiency of the sureties within ten days after such notice of the appeal, and unless they or other sureties justify in the same manner as upon bail on arrest within ten days thereafter, the appeal shall be regarded as if no undertaking had been given."

Appellant served notice that such sureties would justify on August 16, 1915. Respondent, upon notice duly given, has moved the dismissal of this appeal. On August 7, 1915, this appeal stood "as if no undertaking had been given," and therefore, under section 445, C. C. P., it was not from that date "effectual for any purpose." When appellant failed, within ten days after the notice of July 27th, to have his sureties justify, this court lost all jurisdiction of this cause, except the jurisdiction to strike the files therein from its record and to award judgment for costs. Section 420, C. C. P. Upon the hearing of the motion to dismiss, October 6, 1915, appellant, without previous notice given to respondent, prsented to this court a new undertaking and asked to be allowed to serve and file the same as an undertaking on the appeal under the notice served July 23, 1915. Appellant's motion is based upon section 461, C. C. P., which provides:

"When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident to do any other act necessary to perfect the appeal or make it effectual, including the giving of a proper undertaking for costs and damages, or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the Supreme Court, or any one of the justices thereof, may permit an amendment or the proper act to be done, including the giving of a new undertaking, on such terms as may be just."

In Aldrich v. Public Opinion Pub. Co., 27 S. D. 589, 132 N. W. 278, we held that relief, under section 461, could not be granted when to grant same would be to extend the period for taking appeals beyond the time limited by statute. The present appeal is from a judgment. It appears that this judgment was entered July 23, 1913, and the notice of appeal recites that it was filed and docketed on July 24, 1913. Under section 442, C. C. P., an appeal from a judgment "must be taken within two years after the judgment shall be perfected by filing the judgment roll." Under section 319, C. C. P., it is the duty of the clerk of the trial court to make up the judgment roll "immediately after filing the judgment," and under section 321, C. C. P., a judgment is not properly docketed until it has been filed. It is certainly incumbent upon one applying for relief under section 461, C. C. P., to affirmatively show facts authorizing the court or judge to grant the relief and

further to show that a compliance with the application will benefit him, and will not be a mere futile act. From all that appears at this time the time for appeal herein expired not later than July 24, 1915.

The attempted appeal having become ineffectual for any purpose, and it not appearing that appellant is entitled to any relief under said section 461, C. C. P., the appeal is ordered stricken from the records of this court, and judgment for costs is directed in favor of respondent.