WISEMAN, Appellant, v. WISEMAN, Respondent.

(209 N. W. 337.)

(File No. 6232.   Opinion filed June 19, 1926.)

**Appeal and Error—Divorce—Supersedeas—Where Original Bond Was Supersedeas and Cost Bond, Cost Bond With different Sureties Could Not Be Substituted After Expiration of Time for Appeal From Order Modifying Divorce Decree, Though Within Time for Justifying Sureties (Rev. Code 1919, §§ 3157, 3164).**

On exception to sufficiency of sureties, appeal bond can be amended within time for justifying sureties under Rev. Code 1919, § 3164, by substituting other sureties, signing original or like substituted bond, or deposit may be made under § 3157, but, where original bond was supersedeas and cost bond, a cost bond with different sureties could not be substituted after expiration of time for appeal from order modifying divorce decree.

---

Note.—See, Headnote, American Key-Numbered Digest, Appeal and Error, Key-No. 3 C. J. Sec. 390, 1269.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Suit by Sophronia A. Wiseman, now Sophronia A. Matthew, against R. W. Wiseman. Decree for plaintiff, and from an order modifying the decree, she appeals. On order to show cause why appeal should not be stricken from files. Appeal stricken.

*Chas. P. Warren,* of Huron, for Appellant.

*McFarland & Kremer,* of Watertown, for Respondent.'

BURCH, C.   This cause is before us at this time on an order to show cause.   Respondent seeks to have the appeal stricken from the files of this court and judgment for costs.   On the 29th of March, 1915, a divorce decree in an action between these parties was made and entered in the circuit court of Minnehaha County. A few months later, in September, the parties entered into a contract concerning property rights not in conformity with the conditions of the decree, which was carried out by both parties for many years, but no modification of the decree was made and entered.   Respondent inherited some property in Iowa, and in 1925 appellant, contrary to the terms of the contract, instituted an action in Sac county, Iowa, attaching certain property of respondent upon the judgment and decree above mentioned.   Thereupon respondent applied to the circuit court of Minnehaha county for a modification of the original decree to conform to the terms of the contract.   Upon a hearing at which both parties appeared the circuit court of Minnehaha county modified the decree.   From the order modifying the decree appellant gave notice of appeal and served with such notice an undertaking with two sureties.   The order appealed from was dated March 1, 1926, and notice of the entry thereof was served March 2d.   Notice of appeal and the undertaking accompanying it were dated April 28th, and were served April 29th.   Respondent's counsel excepted to the sufficiency of the sureties, and served notice of his exception on April 30th. · On May 1st appellant's counsel served notice that the sureties would justify on May 10th.   Before the sureties justified, and on May 6th, a new bond was prepared and executed by the Western Surety Company, and such bond was served on May 8th in lieu of and as a substitute for the bond with personal sureties. Thereafter no effort was made to justify the sureties on the first bond.

Respondent contends that the appeal is from an order and not a judgment; that the time for appeal is therefore limited to 60 days from notice of entry of the order given March 2d, and no appeal could be taken later than May 1st; that the attempted appeal taken by service of a notice of appeal and a bond with per-

sonal sureties, on the 29th of April, was lost by failure to complete the bond by justifying the sureties or others on the original bond on the 10th of May.

If on the day set for justification of sureties appellant had offered other sureties who could and did then justify, that would have been a compliance with section 3164, R. C. 1919, relative to justification of sureties. If, instead of then offering other personal sureties, appellant had offered a surety company as surety, or, failing to find sureties able to justify, had put up in lieu of the bond a sum of money equal to the amount of the bond as provided by section 3157, or had offered a new and substitute surety company bond, it would seem that should be deemed a substantial compliance. Probably no question would be raised under any of the above supposed circumstances if the time for appeal had not expired before the substitution was offered.

Respondent relies upon Reed v. Todd, 36 S. D. 215, 154 N. W. 447. In that case time for appeal from a judgment expired July 24, 1915. On July 23d an appeal was attempted. Notice of exception to sureties was given July 27th. Appellant then had ten days thereafter in which to justify his sureties, but instead of doing so in ten days he gave notice that the sureties would justify on August 16th. Appellant offered a new undertaking long after the time for justifying his sureties had expired, and it was held that it could not be allowed, because to do so would have the effect to extend the time for taking an appeal; that, when appellant failed within ten days to have his sureties justify, this court lost all jurisdiction of the cause, except to strike the files from its records and award costs. In the case at bar the time for justifying the sureties had not expired, and, if they or others had justified, the appeal would have been complete. The time for appealing from the order, however, had expired, and at that time no new appeal could be taken. The appeal already taken must stand or the appeal be lost. The bond, although jurisdictional, was subject to amendment as to sureties by virtue of the exception taken thereto. Since the original bond could be legally amended by substituting other sureties, such amendment could be effected by such sureties signing the original bond or another like it, to be substituted as an amendment thereof. If the substitute bond offered had been the same in legal effect as the original,

we would have no hesitancy in holding it sufficient, but in this case the original bond was in form a combined supersedeas and cost bond, while the latter was a cost bond only. Respondent's exception to the sufficiency of the sureties, however, opened up no matters regarding the bond, excepting the specific question thereby raised; namely, whether or not said sureties were good. The Western Surety Company has not undertaken to perform the obligation of the original sureties, but has undertaken an entirely different obligation. New sureties are not substituted, but a new obligation is substituted. True, either bond was sufficient to support the appeal. But appellant elected to furnish the first obligation, and she had a right to make it good by justifying the sureties thereon, or by furnishing other sureties in lieu, but this she did not do. She furnished no surety to assume the obligation contracted by the original sureties, nor did she secure such obligation by a money deposit; instead, she abandoned the first, and offered a new and different contract in lieu thereof too late as a new proceeding on appeal.

Appellant argues that the appeal is in fact from the modified judgment, and not from the order, but with this we cannot agree. The notice of appeal recites that the appeal is from the order. The bond and other papers nowhere refer to an appeal from the judgment but all reference is to an appeal from the order.

The appeal is stricken from the files of this court, with costs.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.