HAINES, Appellant, v. WAITE, Respondent.

(244 N. W. 113.)

(File No. 7388. Opinion filed September 10, 1932.)

*Mitchell, Zollman & Navin,* of Mitchell, for Appellant.
*Hitchcock, Sickel & Whiting,* of Mitchell, for Respondent.

CAMPBELL, P. J. Respondent has moved in this court on order to show cause for the dismissal of the above repeal (or to strike the cause from the records) because of defective undertaking for costs. Appellant by way of answer asked leave to amend the undertaking. Respondent by way of reply pointed out (and correctly, of course) that appellant was technically not entitled to consideration upon his application for leave to amend until he complied with rule 21 of this court and brought the same on by

order to show cause, but in the same reply respondent proceeded to argue the merits of appellant's application for leave to amend. At the date fixed for hearing on the application to dismiss the appeal there was no personal appearance; but appellant presented an order to show cause and asked that a date be fixed for hearing his application for leave to amend, and that the hearing on respondent's application for dismissal be continued to the same date. Inasmuch as respondent by his reply showing (although raising the point that no show cause order had been issued) has already presented his views upon the merits of appellant's application for leave to amend, we deem it unnecessary under the circumstances to issue a show cause order thereon, and we treat both applications as properly submitted to this court; respondent seeking dismissal of the appeal and appellant seeking leave to amend his undertaking.

Material facts may be summarized as follows: Appellant has sought to appeal from a judgment rendered below whereon the time for appeal expired on January 29, 1932. The day before the expiration of the time for appeal appellant served and filed a notice of appeal, together with an undertaking for costs. The justification of the sureties on said undertaking is in the statutory form with one exception. The undertaking affirmatively shows that the two sureties thereon are residents of Mitchell, S. D., and the justification recites as to each surety that he is a resident and freeholder of the state of South Dakota, and is "worth the sum of $500 over and above all just debts and liabilities exclusive of property exempt from execution," by fails affirmatively to recite that such worth consists of property *within the state of South Dakota.*

The application of appellant, which is supported by the affidavits of the sureties as well as of appellant's counsel, and is joined in by the sureties (cf. Union Central Life v. Lindermann, 50 S. D. 331, 210 N. W. 156), alleges that the property of the sureties referred to in the justification is, as a matter of fact, within the state of South Dakota, and that the failure so to recite in the justification was by inadvertence and mistake, and the prayer is for leave to amend and correct the undertaking by inserting such recital in the justification. These fact allegations of appellant and his sureties are uncontroverted. The applicable law is

found in sections 3146, 3150, 3164, and 3167, Rev. Code 1919, reading respectively as follows:

"§ 3146. Appeals, How Taken and Perfected. An appeal must be taken by serving on the adverse party and filing with the clerk of the court in which the judgment or order appealed from is entered a notice, in writing, signed by the appellant or his attorney, stating the appeal from the same and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from. The appeal shall be deemed to be taken by the service and filing of the notice of appeal and perfected by service of the undertaking for costs, or the deposit of money instead or the waiver thereof, as hereinafter prescribed, and deposit of the fee of the clerk of the supreme court as provided in part 3, title 6. When service of a notice of appeal and undertaking cannot in any case be made within this state, the court may prescribe a mode for serving the same."

"§ 3150. When Cost Bond Required. To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding two hundred and fifty dollars."

"§ 3164. Sureties Must Justify. An undertaking upon an appeal shall be of no effect unless it be accompanied by the affidavit of the sureties, in which each surety shall state that he is worth a certain sum mentioned in such affidavit, over and above all his debts and liabilities, *in property within this state* not by law exempt from execution, and which sum so sworn to by such sureties shall, in the aggregate, be double the amount specified in such undertaking. The respondent may, however, except to the sufficiency of the sureties within ten days after the notice of the appeal, and unless they or other sureties justify in the same manner as upon bail on arrest within ten days thereafter, the appeal shall be regarded as if no undertaing had been given. The justification shall be upon a notice of not less than six days."

"§ 3167. Proceedings on Appeal May Be Amended. When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to per-

fect the appeal or make it effectual, including the giving of a proper undertaking for costs and damages, or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the supreme court or any one of the judges thereof, may permit an amendment, or the proper acts to be done, including the giving of a new undertaking, on such terms as may be just."

Respondent urges that the omission from the justification of a recital that the property of the sureties is within the state of South Dakota (as contemplated by section 3164) renders said undertaking of no effect. On this point, see Stewart v. Lysness, 22 N. D. 149, 132 N.W. 768. On this premise respondent argues that the situation must stand as though no undertaking had been executed, served, or filed, and therefore, by virtue of the provisions of section 3150, the appeal is not effectual for any purpose. Appellant urges that leave to amend should be granted, and cites Tolerton & Stetson Co. v. Casperson, 7 S. D. 206, 63 N. W. 908. Replying to this argument, respondent contends that the undertaking is fatally defective and therefore, for the purposes of the appeal, nonexistent, and that to permit the amendment thereof now, the time for appeal having expired, would be, in substance, to extend the statutory time for appeal, which this court has no jurisdiction to do, and in this connection cites Aldrich v. Public Opinion Pub. Co., 27 S. D. 589, 132 N. W. 278; King v. Heib, 29 S. D. 218, 136 N. W. 106; and Cornwell v. City of Watertown, 47 S. D. 292, 198 N. W. 478.

The manner of executing, serving, and filing undertaking on appeal (in cases where there has been no waiver thereof, or deposit in place thereof, or abrogation of the requirement by section 3161, Rev. Code 1919) and cognate questions which arise upon attempts to amend defective undertakings were before this court in at least ten cases prior to 1911. See Tolerton & Stetson v. Casperson (1895) 7 S. D. 206, 63 N. W. 908; Bonnell v. Van Cise (1896) 8 S. D. 592, 67 N. W. 685; Hazeltine v. Browne (1896) 9 S. D. 351, 69 N. W. 579; Coburn v. Bd. of Commissioners (1898) 10 S. D. 552, 74 N. W. 1026; Mather v. Darst (1899) 11 S. D. 480, 78 N. W. 954; McConnell v. Spicker (1900) 13 S. D. 406, 83 N. W. 435; Morrison v. O'Brien (1903) 17 S. D. 372, 97 N. W. 2; Donovan v. Woodcock (1904) 18 S. D. 29, 99 N. W. 82; Fullerton Lbr. Co. v. Tinker (1908) 21 S. D. 647, 115 N. W. 91; Nichols &

Shepard Co. v. Horstad (1911) 27 S. D. 262, 130 N. W. 776. At that point came the case of Aldrich v. Public Opinion Pub., Co., 27 S. D. 589, 132 N. W. 278, wherein one of the judges of this court undertook to review the entire subject, reconcile some of the previous decisions, overrule others, and establish the practice with relation to these matters. His opinion received the concurrence of two of the judges and two others dissented. Subsequently to the Aldrich Case the matter has been before this court, directly or indirectly, in at least the following cases: La Penotiere v. Kellar (1912) 28 S. D. 469, 134 N. W. 48; King v. Heib (1912) 29 S. D. 218, 136 N. W. 106; Thompson v. Meridian Life Ins. Co. (1915) 36 S. D. 175, 153 N. W. 993; Reed v. Todd (1915) 36 S. D. 215, 154 N. W. 447; Isaacson v. Parker (1920) 42 S. D. 562, 176 N. W. 653; Pollock v. M. & St. L. Ry. Co. (1920) 43 S. D. 456, 180 N. W. 61; Cornwell v. City of Watertown (1924) 47 S. D. 292, 198 N. W. 478; Wiseman v. Wiseman (1926) 50 S. D. 258, 209 N. W. 337; Union Central Life v. Lindermann (1926) 50 S. D. 331, 210 N.W. 156; Brookfield v. McClenahan (1930) 57 S. D. 520, 234 N. W. 19. See, also, Stewart v. Lyness, 22 N. D. 149, 132 N. W. 768; Burger v. Sinclair, 24 N. D. 326, 140 N. W. 235; Rawleigh Co. v. Laursen, 25 N. D. 63, 141 N. W. 64, 48 L. R. A. (N. S.) 198; Enderlien v. Kulaas, 25 N. D. 385, 141 N. W. 511.

To undertake in this opinion to analyze all of the above decisions of this court touching upon the points now in controversy would not be profitable. The position of the court has not always been consistent, and numerous conflicting and irreconcilable statements may be found in these decisions. It is sufficient here to say that, under the uncontroverted facts of this case, we are of the opinion that the omission from the justification was a clerical inadvertence and not a jurisdictional defect, and we think the amendment can be allowed and ought to be allowed.

The order of the court will be that respondent's application to dismiss the appeal be in all things denied, and that appellant have leave to serve and file within ten days after the entry of the order of this court an amended and corrected undertaking, supplying the defect in the justification of the former undertaking, and that if and when so served and filed said corrected and amended

undertaking stand in all respects as though it had been served and filed with the notice of appeal in lieu of the original undertaking to which objection has here been made. No costs will be taxed on either motion.

ROBERTS and RUDOLPH, JJ., concur.
POLLEY and WARREN, JJ., not sitting.