[No. 2,783.]

## P. A. MILLER *v*. THE BOARD OF EDUCATION OF THE CITY OF SACRAMENTO.

RATIFICATION OF AN UNAUTHORIZED ACT.—A ratification by a party of an act done in his behalf by another, without authority, if such ratification be made under a misapprehension of the full scope of the Act, is voidable to the extent of the mistake, and the party can be relieved *pro tanto*.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

Action to recover money due upon a contract.

The plaintiff constructed a school house for the defendant. W. H. Hill was Superintendent of Common Schools of the City of Sacramento and J. W. Avery was a member of the Board of Education. While the defendant was indebted to the plaintiff on the contract, Avery presented to Hill a bill for lumber furnished the plaintiff, amounting to fourteen

hundred and fifty-two dollars and fifty cents, and Hill, acting for the plaintiff, paid it, and charged it to plaintiff as so much paid on his contract. A few days afterwards the plaintiff, on being informed of the payment of the bill, said "he was glad of it—it was all right." Subsequently he complained to Hill that some of the lumber had been used for another building. When the accounts were settled at a meeting of the Board, the bill paid Avery was put in, and the plaintiff, though present, made no objection to it. It appears from the testimony that the value of the lumber which was not used in the school house was two hundred and sixty-two dollars and ninety-five cents. The jury returned a verdict for that sum. The plaintiff appealed.

*L. S. Taylor* and *J. H. McKune,* for Appellant, cited *Norris* v. *Harris,* 15 Cal. 256; *Blythe* v. *Pulteney,* 31 Cal. 233; *Clark* v. *Baker,* 5 Metc. 452 ; *Davis* v. *Maxwell,* 12 Metc. 286 ; *Miner* v. *Bradley,* 22 Pick. 457 ; *Jones* v. *Dunn,* 3 Watts & Serg. 109 ; *Mills* v. *Hunt,* 17 Wend. 333 ; same, 20 Wend. 431.

*Robt. C. Clark,* for Respondent.

By the Court, Niles, J.:

It is urged by the appellant that "the ratification relied upon was a single act, and if void in part was void as to the entire bill, even if there had been an intention on the part of Miller to ratify the act as to some of the items;" and an instruction to that effect was asked by the plaintiff and refused by the Court. The vice of the instruction lies in the assumption that the ratification was void at all. Hill had paid to Avery more than plaintiff had intended to authorize him to pay, and the ratification of this act by the plaintiff was made under the mistaken belief that he was settling only for the lumber furnished for the school house. The

ratification was voidable to the extent of the mistake, and the plaintiff could be relieved *pro tanto*. It is as if one should by mistake contract to pay to a creditor a sum larger than he really owed. He could be relieved from the payment of the excess, but would be held for the sum really due.

The record discloses no material error to the prejudice of the appellant.

·Judgment and order affirmed.