## No. 6507.

STATE EX REL. HOEY & O'CONNER VS. J. G. BROWN, ADMINISTRATOR OF ACCOUNTS.

To enable an Administrator of the city of New Orleans to take a suspensive appeal from a judgment against him in his official capacity, he must give bond and security, as the law directs. Only the city itself is dispensed from giving an appeal bond.

APPEAL from the Superior District Court, parish of Orleans. *Lynch, J. Hornor & Benedict*, for plaintiff and appellee. *B. F. Jonas*, City Attorney, for defendant.

The opinion of the court was delivered by MARR, J.

This suit was brought against J. G. Brown, Administrator of Accounts of the city of New Orleans, to compel him to register a certain judgment in favor of relators against the city of New Orleans, and to issue to relators certain cash warrants.

Brown was the only defendant, and the judgment was against him alone.

"On motion of B. F. Jonas, City Attorney, of counsel for the city of New Orleans, and for J. G. Brown, Administrator of Accounts," a suspensive appeal was granted to defendants without bond.

Appellees, the relators, move to dismiss the appeal on the ground that the appellant has given no bond, and that he is not exempt by law from giving bond.

The act of 1870, called session, page 44, section 33, provides that "in all judicial proceedings where by law bond and security are required from litigants the city of New Orleans is dispensed with giving bond or security."

The dispensation thus granted by express law, in derogation of the general law which requires all appellants to give bond and security, can not be extended beyond the terms of the law; nor can it be invoked in

any case in which the city of New Orleans is not a party. State ex rel. George vs. Mount, 21 An. 177.

The city was not a defendant and is not an appellant in this case; and the court below had no authority to grant the appeal without requiring appellant to give bond and security. The motion to dismiss must prevail.

It is therefore ordered, adjudged, and decreed that the appeal herein taken be dismissed with costs.