[No. 11032.  In Bank.—August 26, 1885.]

JOSEPH SCHEERER, RESPONDENT v. W. M. EDGAR,
AUDITOR OF THE CITY AND COUNTY OF SAN FRANCISCO,
APPELLANT.

MANDAMUS AGAINST COUNTY AUDITOR—DEFENDANT ACTING OFFICIALLY—APPEAL
—UNDERTAKING MAY BE DISPENSED WITH.—In proceedings by mandamus
against the auditor of the city and county of San Francisco, the defendant acts
officially, and on an appeal by him, the undertaking provided for by section 946
of the Code of Civil Procedure may be dispensed with.

MOTION to dismiss an appeal from a judgment of the Superior
Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*John L. Love,* for Appellant.

The trial court had power to dispense with the undertaking,
as the defendant was acting in his official capacity.  (Code Civ.
Proc. §§ 946, 1058.)

*E. A. & G. E. Lawrence,* for Respondent.

Ross, J.—This is an appeal taken by the defendant from a
judgment of the Superior Court directing a writ of mandate to
issue compelling the defendant, as auditor of the city and county
of San Francisco, to issue to the plaintiff a warrant upon the
treasurer of the city and county for the payment of a certain
sum of money.  The court below, by an order made, dispensed
with an undertaking on appeal on the part of the appellant, by
virtue of that portion of section 946 of the Code of Civil Pro-
cedure which provides that "the court below may, in its dis-
cretion, dispense with or limit the security required by this
chapter, when the appellant is an executor, administrator, trustee,
or other person acting in another's right."

In taking the appeal the defendant was not acting in his
individual capacity, for in that capacity he was not a party to
the proceeding.  He was proceeded against in his official capacity
as auditor; it was against him as auditor that the judgment
went in the court below, and in that capacity only could he
appeal.  He was not acting therefore in his own individual

right, but in that of the city and county. The case therefore falls within the provision of the Code of Procedure cited, and the motion to dismiss the appeal is therefore denied.

MORRISON, C. J., McKINSTRY, J., THORNTON, J., MYRICK, J., and McKEE, J., concurred.