[No. 9839. In Bank. — January 16, 1886.]

## MILTON T. LITTLE, RESPONDENT, v. DAVID JACKS, APPELLANT.

APPEAL — UNDERTAKING — TIME FOR FILING — SERVICE OF NOTICE. — Under section 940 of the Code of Civil Procedure, an undertaking on appeal, if filed before the service of the notice of appeal, is ineffectual. for any purpose.

ID. — OBJECTION TO UNDERTAKING — WAIVER. — The right of the respondent to object to the sufficiency of such an undertaking is not waived by his stipulating in writing to advance the appeal on the calendar of the Supreme Court for hearing.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

Motion to dismiss appeal on the ground that the undertaking thereon was filed before the service of the notice of appeal. Subsequent to the date of the attempted appeal, the parties entered into a written stipulation to advance the cause on the calendar of the Supreme Court for hearing. The further facts are stated in the opinion of the court of May 21, 1886.

*S. O. Houghton,* for Appellant.

*D. M. Delmas,* for Respondent.

The COURT.—The court is satisfied with its opinion as rendered on the point considered in it. It accords with several former decisions, and there is none contrary to it brought to our notice or of which we are aware.

But there is a point which the court wishes argued again, that is, whether respondent waived his right to object to the irregularity in filing the undertaking on appeal before service of the notice of appeal by a stipulation in writing that the cause be placed on the calendar of this court for hearing for a day referred to in it, in the place of another case entitled *Bucknall* v. *Huntsman.*

To this point the reargument will be limited.

And it is ordered that the cause be placed on the calendar of the first Monday in February, 1886, for such reargument.

The following is the opinion above referred to, rendered on the 18th of December, 1885:—

Ross, J.—The question on this motion is whether, under the provision of the statute which declares that "the appeal shall be ineffectual for any purpose, unless within five days after service of the notice of appeal an undertaking be filed," etc. (Code Civ. Proc., sec. 940), an appeal is effectual when the undertaking is filed *before* service of the notice of appeal.

If the statute is to be given effect, which must be done,

we do not see how the question can be answered in any
other way than in the negative. The statute expressly
declares the appeal to be ineffectual for any purpose,
unless within five days after service of the notice of
appeal the required undertaking be filed. *After* service
does not mean and cannot be held to mean *before* service.
The undertaking relates to the notice, but without the
notice there is nothing to which it can apply. We must
grant the motion.

Appeal dismissed.

MYRICK, J., MORRISON, C. J., THORNTON, J., and SHARP-
STEIN, J., concurred.

After a reargument, the following opinion was ren-
dered on the 21st of May, 1886.

SHARPSTEIN, J.—The motion to dismiss the appeal is
based on the ground that the undertaking on appeal was
filed *before* the notice of appeal was served.

The code provides that "the appeal is ineffectual for
any purpose, unless within five days after service of the
notice of appeal an undertaking be filed." (Code Civ.
Proc., sec. 940.) The Practice Act of 1851 contained a
similar provision, and in *Buckholder* v. *Byers*, 10 Cal. 481,
it was held that an appeal could not be rendered effectual
by filing an undertaking one month before the notice of
appeal was filed. In *Dooling* v. *Moore*, 19 Cal. 81, the
undertaking was filed two days before the notice of ap-
peal was filed and served. The appeal was dismissed on
the authority of *Buckholder* v. *Byers, supra.*

In *Carpentier* v. *Williamson*, 24 Cal. 609, it appeared
that the notice of appeal was filed on the eighth day of
February, 1864, and was served on the respondent on
the tenth day of the same month, and that the under-
taking on appeal was filed *one day before* the service of
the notice. The appeal was dismissed. The court said:
" The statute does not authorize or permit the filing of

an undertaking before the service of notice, and hence, until the notice has been *filed* and *served,* the undertaking has no office to perform."

In *Hewes* v. *Carville Mfg. Co.,* 62 Cal. 516, the undertaking was filed within five days after the notice of appeal was served, but more than five days after it was filed. The motion to dismiss was denied. The court said: "It [the undertaking] must be filed, however, within five days after service of the notice of appeal, and that was done in this case."

In *Iverson* v. *Jones* and *Chalfant* v. *Jones,* 5 W. C. R. 275, the appeals were dismissed on the ground as stated in the opinion of the court, that "the undertakings on appeal were filed more than a month before the notices of appeal were filed." "This," said the court, "in our view, is not the undertaking required by law. It is not the case of insufficiency in the undertaking, but it is no undertaking at all."

"The certainty of a rule is often more important than the reason of it." And a statutory rule of practice so well settled as this ought not to be disturbed by a court. The motion to dismiss must be granted, unless the respondent has waived the filing of an undertaking. The code provides, "that the undertaking . . . . may be waived by the written consent of the respondent." (Code Civ. Proc., sec. 948.) There has been no such waiver in this case, unless the stipulation to have the case placed on the calendar out of its order for hearing constituted it. There is no allusion in the stipulation to the undertaking, and nothing to indicate an intention to waive it. By no rule of construction could it be held to be a written consent of respondent to waive the filing of an undertaking. And if not, the failure to file it is fatal to the appeal, which in the absence of an undertaking or a written waiver of it by the respondent is ineffectual for any purpose. We are now considering a statutory rule, and Broom says: "It is clear that the maxim, *Qui-*

*libet potest renunciare juri pro se introducto,* is inapplicable where an express statutory direction enjoins compliance with the forms which it prescribes." (Broom's Legal Maxims, 519.)

We think the provisions of the code must be complied with, in order to render an appeal effectual, and as they have not been in this case, the appeal must be dismissed.

Appeal dismissed.

Morrison, C. J., McKinstry, J., Myrick, J., and Ross, J., concurred.

Thornton, J., concurring.—I concur in what is said in the opinion as to the filing of the undertaking on appeal before the notice of appeal was served.

As to the waiver, the code (Code Civ. Proc., sec. 948) provides that the undertaking on appeal may be waived " by the written consent of the respondent." The legal effect of this provision is, that it can be waived in no other way.

Does the stipulation in writing to put the case on the calendar out of its order for hearing show such consent ? For unless it does, it is not a waiver within the words of the statute. It seems to me that it does not, as it does not appear that the respondent's counsel, when he signed the stipulation, contemplated giving such consent. The stipulation above mentioned was signed with another and different object and intent, and to predicate of it that it consented that no undertaking on appeal should be filed would be to attribute to it an intent entirely foreign to the intent for which the stipulation was entered into, and which was in the minds of the parties when it was executed. Where an intent plainly appears, another and a different one cannot be implied.

I therefore concur in the judgment dismissing the appeal.