[Sac. No. 231.   In Bank.—April 8, 1897.]

CHARLES G. LAMBERSON ET AL., RESPONDENTS, *v.* E. M. JEFFERDS, AUDITOR, ETC., APPELLANT.

APPEAL — MOTION TO DISMISS — ABSENCE OF UNDERTAKING — COUNTY AUDITOR AS APPELLANT — REPRESENTATION OF COUNTY — CONSTRUCTION OF CODE.—Under section 1058 of the Code of Civil Procedure, which dispenses with an undertaking on an appeal taken by the state or any state officer, or by any county, city and county, city, or town, although it makes no mention of county officers, yet, where the county is the real party in interest, and is represented by the county auditor, not acting in his individual right, but in behalf of the county, the case is within the reason of the rule prescribed by that section, and though no order is obtained dispensing with an undertaking on appeal under section 946 of the Code of Civil Procedure, the appeal of the county auditor in such a case will not be dismissed for want of the undertaking.

ID.—ILLEGAL CLAIM AGAINST COUNTY—REFUSAL OF WARRANT BY AUDITOR —ACTION FOR COUNTY.—The county auditor is not protected by an order of the supervisors allowing an illegal claim, and if he refuses to issue a warrant therefor, he is acting for the county, and is protecting it against the unlawful acts of the board of supervisors.

ID.—DISPENSING WITH UNDERTAKING—MERITS OF CASE—IMPROPER REFUSAL OF WARRANT—QUESTION OF COSTS OR DAMAGES.—The fact that an undertaking is dispensed with, upon an appeal by a county auditor, who is contesting a claim against a county as illegal, does not neces-

sarily imply that a personal judgment for costs or damages may not be rendered against him on the merits of the case for refusal to issue the warrant improperly without just cause to doubt the validity of the claim.

MOTION in the Supreme Court to dismiss an appeal from the Superior Court of Tulare County. WHEATON A. GRAY, Judge.

The facts are stated in the opinion of the court.

*District Attorney F. B. Howard*, and *Deputy District Attorney T. E. Clark*, for Appellant.

*Power & Alford*, and *Lamberson & Middlecoff*, for Respondents.

TEMPLE, J.—Respondent asks that the appeal herein be dismissed on the ground that no undertaking on appeal was given, nor was there an order of court dispensing with the undertaking, as authorized by section 946 of the Code of Civil Procedure. Appellant claims that his case comes within the provisions of section 1058 of the Code of Civil Procedure, which reads as follows: "Any civil action or proceeding wherein the state, or the people of the state, is a party plaintiff, or any state officer, in his official capacity, or in behalf of the state, or any county, city and county, city, or town, is a party plaintiff or defendant, no bond, written undertaking or security can be required of the state, or the people thereof, or any officer thereof, or of any county, city and county, city or town; but on complying with the other provisions of this code, the state, or the people thereof, or any state officer acting in his official capacity, have the same rights, remedies, and benefits as if the bond, undertaking or security were given and approved, as required by this code."

It will be observed that the section makes special mention of the state and state officers, but while it mentions counties it omits the mention of county officers, hence it is argued with considerable force that the

design was to exclude them. And as it is provided in section 940 that no appeal is effectual unless an undertaking be given, every exception must be express, and none can be implied.

The county is, however, the real party in interest. It was held in *Scheerer* v. *Edgar,* 67 Cal. 377, that in such matters the auditor does not act in his individual right, but in that of the city and county. For that reason it was held that section 946 was applicable, and the court might, by order, dispense with the undertaking. If that be so, the county is the real party in interest, and the case is evidently within the reason of the rule laid down as to counties. But it is said the respondent can only get judgment for costs against the individual. That is also the case where a state officer is a party. Sections 1038 and 1039 only authorize costs to be paid from the state or county treasury when the state or county—as the case may be—is a party.

It has been held that the auditor is not protected by an order of the board of supervisors allowing a claim which cannot be a charge against the county. (*Linden* v. *Case,* 46 Cal. 171; *Connor* v. *Morris,* 23 Cal. 447; *Carroll* v. *Siebenthaler,* 37 Cal. 193.) If he refuses to issue a warrant for an illegal claim he is acting for the county, and is protecting it against the unlawful acts of the board of supervisors. If the auditor of a county, or the controller of state, refuse to issue a warrant improperly, and when there is no just cause to doubt the validity of the claim, he would have no just claim against the state or the county for reimbursement, and may justly be cast in costs. Dispensing with the undertaking does not necessarily imply that a personal judgment for costs or damages may not be rendered.

The main question, whether the county being the real party in interest brings this case within the purview of the statute or not, is determined in my opinion by the case of *People* v. *Supervisors,* 10 Cal. 344. It was provided in an act concerning appeals in certain cases (Stats. 1856, p. 26) that a city or county or town

may appeal from a judgment against it and have a stay of proceedings without filing a bond. In the case mentioned the appeal was by the board of supervisors from a judgment against it awarding a writ of *mandamus.* That act made no express mention of the officers of such city, county, or town, and yet the supreme court held the statute applicable to the board of supervisors. I think this establishes a rule of construction directly applicable to this case, and I see no good reason for changing it.

The motion is denied.

HARRISON, J., HENSHAW, J., VAN FLEET, J., McFARLAND, J., concurred.