[S. F. Nos. 2479, 2974.  In Bank.—September 20, 1902.]

R. H. MITCHELL, Respondent, v. BOARD OF EDUCATION, etc., Appellant.

IRENE REEVES, Respondent, v. BOARD OF EDUCATION, etc., Appellant.

APPEAL BY BOARD OF EDUCATION—UNDERTAKING NOT GIVEN—DISMISSAL.
—The board of education of the city and county of San Francisco does not represent the city and county, and is not included in the

exemption from filing an undertaking on appeal provided for in section 1058 of the Code of Civil Procedure, and upon its failure as an appellant to file an undertaking its appeals must be dismissed.

ID.—EXEMPTION NOT EXTENDED BY IMPLICATION.—The rule is well settled that statutory exemptions will not be extended by implication beyond the specified cases which are exceptions to the general policy of the law protecting appellees.

ID.—STIPULATION EXTENDING TIME—WAIVER—ESTOPPEL.—A stipulation of the respondents extending the time of appellants in which to file their briefs does not operate as a waiver of their right to move to dismiss the appeal for want of an undertaking nor as an estoppel against such motion.

DISMISSAL of appeals from judgments of the Superior Court of the City and County of San Francisco. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

Franklin K. Lane, City Attorney, and W. I. Brobeck, Assistant City Attorney, for Appellant.

Henley & Costello, for Respondents.

HENSHAW, J.—Motions are made to dismiss the appeals herein upon the ground that no undertaking upon appeal has been filed in either of the cases, and that no order of the trial court has been made dispensing with the giving of them.

Section 1058 of the Code of Civil Procedure provides that "In any civil action or proceeding wherein the state, or the people of the state, is a party plaintiff, or any state officer, in his official capacity, or in behalf of the state, or any county, city and county, city, or town, is a party plaintiff or defendant, no bond, written undertaking, or security can be required of the state, or the people thereof, or any officer thereof, or of any county, city and county, city, or town." Section 946 of the same code provides that, "The court below may, in its discretion, dispense with or limit the security required by this chapter, when the appellant is an executor, administrator, trustee, or other person acting in another's right." It is here admitted that the order dispensing with the required undertaking was not obtained. A dismissal of these appeals is therefore inevitable, unless they can be supported under

section 1058 of the Code of Civil Procedure. In *Lamberson* v. *Jeffords*, 116 Cal. 492, the defendant was the county auditor. He was sued in his representative capacity, and, notwithstanding the fact that section 1058 in terms exempts a county only, and makes no express mention of its officers, it was held that when such an officer represents his county, the privilege or immunity of section 1058 is applicable to him, and such also was the decision of this court in the earlier case of *People* v. *Supervisors*, 10 Cal. 344. But it is to be noticed that by the terms of the section every county and every municipality is exempt from the general requirement of an undertaking. No difficulty in this case would be experienced if the legislature had seen fit to exempt school districts or public corporations generally, provisions for which are found in the corresponding statutes of many of our states. Nor can any good reason be perceived why the legislature has not done so. The fact, however, still remains that it has not seen fit so to do. Upon the reasoning and authority of *Lamberson* v. *Jeffords,* the executive officers of a school district, its board of trustees or board of education, would be relieved from the necessity of giving a bond if the legislature had exempted the school districts from such necessity. But here we are asked to relieve the board of education from the requirement, when the statute itself does not exempt the corporation principal for whom the board is acting. The rule is well settled that statutory exemptions will not be extended by implication beyond the specified cases, as they are exceptions to the general policy of the law protecting appellees. (1 Ency. Pleading and Practice, p. 968, and cases cited.) If it could be successfully argued that the school district, whose territorial limits are coterminous with those of the city and county of San Francisco, is but a part of the latter municipal corporation, so that it might be said that the real party defendant was in fact the city and county of San Francisco, this also would relieve the embarrassment of appellant's situation; but such in truth is not the fact. "The city is a corporation distinct from that of the school district, even though both are designated by the same name and embrace the same territory. The one derives its authority direct from the legislature through the general law providing for the establishment of schools throughout the state, while the

authority of the other is found in the charter under which it is organized; and even though the charter may purport to define the powers and duties of its municipal officers in reference to the public schools in the same language as has the legislature in the Political Code, yet these powers and duties are referable to the legislative authority, and not to the charter." (*Kennedy* v. *Miller,* 97 Cal. 431.)

Nor can we perceive in the stipulation of the appellees extending the time of the appellants for the filing of their briefs, and for like purposes, anything which amounts to a waiver or an estoppel against them of their right to press this motion. Section 940 of the Code of Civil Procedure declares that "the appeal is ineffectual for any purpose, unless within five days after service of the notice of appeal an undertaking be filed, . . . or the undertaking be waived by the adverse party in writing." There was here no express waiver in writing, and there was nothing in the stipulations entered into to indicate any attempt to waive. (*Little* v. *Jacks,* 68 Cal. 343.) Therefore, we have presented upon this motion not the case of an insufficient undertaking, but of no undertaking at all,—a case where the giving of the undertaking has not been dispensed with by order of court, and has not been waived by the adverse party in writing. And, finally, it should be said that this decision cannot be regarded either as a departure from the existing rule, nor can it come as a surprise to the profession. In every case which we have examined where appeals have been taken by the board of education of the city and county of San Francisco, or by the like boards throughout the state, they gave an undertaking, procured an order of the court dispensing with it, or it was expressly waived by the adverse party. Amongst these cases may be cited *Brown* v. *Board of Education,* 103 Cal. 531; *Earle* v. *Board of Education,* 55 Cal. 489; *Miller* v. *Board of Education,* 44 Cal. 166; *Kennedy* v. *Board of Education,* 82 Cal. 483; *Raisch* v. *Board of Education,* 81 Cal. 542; *Stoutenborough* v. *Board of Education,* 104 Cal. 664.

For the foregoing reasons the appeals are dismissed.

Temple, J., McFarland, J., Garoutte, J., Van Dyke, J., and Harrison, J., concurred.