STATE EX REL. JORDAN, Respondent, vs. BECHTNER, Comptroller, Appellant.

*September 6—September 24, 1907.*

*Appeal: Exemption from giving bond: City officers: Municipal corporations: Settlement of claim for tort: Pleading: Duty of comptroller to countersign reports of committees: Mandamus.*

1. A provision in a city charter exempting the city from giving bond on appeal does not apply to a city officer, though he appeals as such, when he does not in the particular case represent the city and it is not the real party in interest.
2. Sec. 3062, Stats. (1898), providing that "when the state, or any state officer, or state board, in a purely official capacity, or any municipal corporation" shall appeal, no undertaking need be given, does not apply to municipal officers, at least where the municipality is not the real party in interest.
3. A petition for alternative writ of *mandamus* to the city comptroller of Milwaukee, stating that on a certain day relator filed with the city clerk a petition for settlement of a cause of action which had theretofore accrued to her against the city for personal injuries sustained by her through defects in a sidewalk, and that afterwards a proposition for settlement of her said cause of action was made and accepted, is *held* sufficiently to allege the existence of all facts, including the service of notice of the injury, necessary to constitute a complete cause of action which the common council had power to compromise and settle.
4. Sec. 5, subch. IV, Milwaukee City Charter (providing that the report of any committee of the common council upon an ordinance or resolution appropriating money shall be countersigned by the city comptroller, and that he shall not countersign any such report unless there is a sufficient portion of the proper fund unappropriated to meet said appropriation), authorizes the comptroller to refuse to sign a report only when there is a lack of proper funds to pay the appropriation, and does not give him any supervisory power over the legitimate action of the common council.
5. *Mandamus* will lie to compel the city comptroller to countersign the report of a committee of the common council when he improperly refuses to do so.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This is a proceeding by *mandamus* to compel the city comp-troller of the city of Milwaukee to countersign a certain re-port of a judiciary committee upon a resolution to appro-priate $100 to the relator in settlement of her claim against the city. It is alleged in the relation and alternative writ, in effect, that the defendant, *Paul Bechtner,* is the duly elected and qualified comptroller of the city; that the common council of the city had the power to adjust, compromise, and settle causes of action sounding in tort against the city; that July 20, 1906, the relator filed with the city clerk a petition for the settlement and adjustment of a cause of action which had theretofore accrued to her against the city for personal in-juries sustained by her through the defective condition of a certain sidewalk described; that such petition was by said clerk presented to said common council; that the common council duly referred the same to its judiciary committee; that November 9, 1906, the relator appeared before said com-mittee and offered to accept $100 in full settlement of her said cause of action; that said committee duly considered said petition and offer November 9, 1906, and, being duly advised of all the facts relating to said cause of action, by a vote of four to nothing agreed with the relator to compromise and fully settle the same for $100, and the relator agreed to ac-cept said sum in full settlement thereof; that December 10, 1906, the judiciary committee duly reported its said action to the common council; that December 10, 1906, the common council, being fully advised of all the facts in the case, and after full and complete discussion of the same in open meet-ing, did by a unanimous vote ratify the action of its said committee, and that the common council thereupon became ready to proceed and appropriate the $100 in accordance with said report; that in order that the common council may proceed legally and as required by its charter the said *Becht-ner,* as comptroller, must countersign the said report, and that it was his duty to countersign the same provided there

was sufficient money in the general fund of the city unappropriated to meet said appropriation of $100; that there was then and has at all times therein mentioned been a vast sum of money in the general fund of the city unappropriated, greatly in excess of the $100 mentioned; that at all times therein stated it was and now is the duty of the said *Bechtner,* as comptroller, to countersign said report; that contrary to and in disregard of his duty said *Bechtner* had refused, and still does refuse, to countersign said report, although requested so to do; that by reason of said refusal and neglect of duty the common council could not proceed further and was thereby deprived of its lawful powers in the premises, and was unable to appropriate said $100 as it was willing to do in satisfaction of its said agreement made with the relator, and thereby wrongfully and unjustly deprived her of her rights in the premises, to her damage; that the common council and the relator have no clear, adequate, and complete remedy to enforce said rights other than by *mandamus,* and that unless the same is granted, compelling said *Bechtner,* as comptroller, to countersign said report, both the common council and the relator will be deprived of their rights in the premises.

From an order refusing to quash said alternative writ of *mandamus* the defendant *Bechtner* appeals.

For the appellant there was a brief by *John T. Kelly,* city attorney, and *Walter H. Bender,* assistant city attorney, of counsel, and a supplemental brief signed also by *Clinton G. Price,* of counsel; and the cause was argued orally by *Mr. Bender.*

*Henry H. Otjen,* for the respondent.

CASSODAY, C. J.  1. The relator has moved to dismiss the appeal because the appellant failed to give on such appeal the requisite bond or undertaking. The defendant contends that he was not required to give any bond or undertaking on such

appeal, because the charter provides that when the city appeals "it shall not be required to furnish an appeal bond." Sec. 8, subch. XX, Milwaukee Charter. It is true the defendant is the comptroller of the city and brings his appeal as such; but the defendant in no sense represents the city in the case at bar. On the contrary, the common council is the rightful representative of the city, and it appears in the record that the action of the defendant mentioned was disapproved by and contrary to the expressed wish of the common council. The exemption of the city from giving a bond on appeal does not extend to the defendant in this action. This has in principle been held in other jurisdictions. *State ex rel. George v. Mount,* 21 La. Ann. 177; *State ex rel. Hoey v. Brown,* 29 La. Ann. 53; *State ex rel. Samory v. New Orleans,* 34 La. Ann. 467. This last case was held to be "to all intents and purposes against the corporation of the city of New Orleans," which was exempt from giving bond.

The defendant further contends that he was exempt from giving any bond or undertaking on such appeal by the general statute, which declares:

"When the state, or any state officer, or state board, in a purely official capacity, or any municipal corporation within the state shall take an appeal, service of the notice of appeal shall perfect the appeal and stay the execution or performance of the judgment or order appealed from, and no undertaking need be given. But the supreme court may, on motion, require security to be given in such form and manner as it shall in its discretion prescribe as a condition of the further prosecution of the appeal." Sec. 3062, Stats. (1898).

But we cannot say that the words "or any municipal corporation" should be extended by construction so as to include every officer of any municipal corporation. The legislature, having expressly mentioned "any state officer, or state board," would naturally have mentioned municipal officers if they had entertained any intention of including them. This is in harmony with the case cited from California, where under

a similar statute it was held that a county officer against whom suit had been brought was not exempted from filing an undertaking on appeal. *Von Schmidt v. Widber* (Cal.) ·32 Pac. 532. In a later case in that state, under the same statute, it was held that the words "or of any county," without mentioning county officers, "applies to an appeal by a county auditor *where the county is the real party in interest.*" *Lamberson v. Jefferds,* 116 Cal. 492, 48 Pac. 485. But, as already indicated, the city is not the real party in interest in the case at bar. On the contrary, the defendant's position is hostile to the position of the common council.

It follows from what has been said that as the record stood at the time the case was argued we would have been bound to dismiss the appeal. But, pursuant to a request then made, leave has been granted to perfect the appeal, and the same has since been perfected by giving the requisite undertaking pursuant to the statutes. Secs. 3062, 3068, Stats. (1898).

2. It is conceded by the defendant that the only question for consideration is as to the sufficiency of the petition to support the alternative writ of *mandamus.* The contention is that the petition is fatally defective because it fails to allege the service of notice of the injury, as prescribed by sec. 1339, Stats. (1898). As we construe the petition for the writ, it sufficiently alleges that the relator had a cause of action against the city at the time the proposition for settlement was made and accepted, and that all the facts then existed, including the service of notice, which were necessary to constitute a complete cause of action. This being the case, the power of the city to settle the claim cannot be doubted. *Washburn Co. v. Thompson,* 99 Wis. 585, 75 N. W. 309; *Sharp v. Mauston,* 92 Wis. 629, 66 N. W. 803. We must hold, upon the facts stated, that the common council had power to adjust, compromise, and settle the claim of the relator.

The question recurs whether the relator is entitled to the *mandamus* upon the showing made. The general duties of the defendant, as comptroller, are prescribed in the charter.

Secs. 12–20, subch. III, Milwaukee Charter. The charter also provides, in effect, that

"all resolutions appropriating money, or creating any charge against any of the funds of" the city, "shall be referred to appropriate committees and shall only be acted on by the common council at a subsequent meeting not held on the same day, on the report of the committee to which the same were referred, provided, however, that when a committee shall report by resolution upon a matter referred to them by the common council, action upon such resolution may, in the discretion of the council, be taken without a further reference; and in either case, if the report is made upon an ordinance or resolution appropriating money out of, or creating any charge against, any of the funds aforesaid, said report shall be countersigned by the city comptroller, and said comptroller shall not countersign any such report unless there is a sufficient portion of the proper city or ward fund unappropriated to meet said appropriation or charge." Sec. 5, subch. IV.

As indicated in the foregoing statement, the relator on July 20, 1906, having a cause of action which had theretofore accrued to her against the city, presented the same to the city clerk, and by him the claim was presented to the common council. The common council referred the same to the judiciary committee. The relator appeared before the judiciary committee November 9, 1906, and offered to accept $100 in full settlement of said claim. On the same day the committee considered said petition and offer, and, being fully advised of all the facts, by a unanimous vote agreed with the relator to compromise and fully settle said claim for $100, and the relator then and there agreed to accept the same in full settlement. December 10, 1906, the judiciary committee duly reported said settlement to the common council, and thereupon the common council, being fully advised of the facts in the case and after full hearing in open meeting, by a unanimous vote ratified such action of its judiciary committee, and is now ready to proceed and appropriate the $100 in accordance with such report. But it appears that the common council cannot, under the provisions of the charter

quoted, proceed legally and make such appropriation, because the defendant, as comptroller, refuses to countersign said report. Under such provisions of the charter the defendant, as such comptroller, would only have been excused from countersigning said report had there not been a "sufficient portion of the proper city or ward fund unappropriated to meet said appropriation or charge." But here it is made to appear, and stands admitted, that "there is sufficient money in the general fund of the said city unappropriated to meet the said appropriation," and that "there is at present and has been at all times" mentioned in the petition for the writ "a vast sum of money in the general fund of said city unappropriated, greatly in excess of the $100" mentioned. The provisions of the charter only enabled the comptroller to prevent appropriations in the absence of funds to pay the same. It is not the purpose of the charter to confer upon the comptroller the duties and functions vested in the common council nor to give him supervisory power over the legitimate action of the common council. The relator has no remedy, certainly no adequate remedy, other than *mandamus*.

*By the Court.*—The order of the circuit court is affirmed.