CORNWELL, Respondent, v. CITY OF WATERTOWN et al, Appellants.

(198 N. W. 478.)

(File No. 5550.  Opinion filed April 18, 1924.)

1.  **Appeal and Error—Bonds—Appeal Ineffectual Unless Undertaking Has Been Executed or Cash Deposit Made or Respondent Has Waived Requirement.**

    To render an appeal effectual for any purpose, an undertaking for costs and damages must be executed under Rev. Code 1919, Sec. 3150, unless a cash deposit is made or unless the

undertaking and deposit are waived in writing by respondent, under section 3151, or unless the statutes otherwise exempt the appellant from furnishing an undertaking.

2. **Appeal and Error—Municipal Corporations—Actions—City Officials Sued for Illegal Sale of Bonds Held Required to Furnish Undertaking on Appeal.**

In an action against officials of a city to recover the difference between the amount for which bonds were sold and the amount for which they could legally have been sold, the defendants were not exempt from executing an undertaking on appeal, under Rev. Code 1919, Sec. 3161, relative to appeals by a municipal corporation or its officers "in a purely official capacity."

3. **Appeal and Error—Estoppel—Respondent Held Not Estopped from Moving to Strike Cause for Failure to Furnish Undertaking or Make Cash Deposit.**

Respondent, by seeking and obtaining from appellants a stipulation extending time in which to file brief, was not estopped from moving to strike cause from records of Supreme Court on the ground that appellants had not furnished undertaking or made cash deposit as required by Rev. Code 1919, Secs. 3150, 3151, since jurisdiction of an appeal cannot be conferred by consent.

4. **Appeal and Error—Courts—Supreme Court Not Empowered to Permit Filing of Undertaking Nunc pro Tunc as of Date Within 60-Day Period After Expiration Thereof.**

The Supreme Court, after expiration of 60-day period within which appeal must be taken under Rev. Code 1919, Sec. 3147, has no power to permit filing of undertaking nunc pro tunc as of a date within the 60-day period under section 3167.

Appeal from Circuit Court, Codington County; Hon. W. W. Knight, Judge.

Action by Albert H. Cornwell against the City of Watertown and others. From orders overruling demurrers to complaint; defendants appeal. On respondent's motion to strike cause from records of Supreme Court. Motion denied as to named defendant and granted as to unnamed defendants.

*Sherin & Sherin* and *Mather & Stover,* all of Watertown, for Appellants.

*Bailey & Voorhees,* of Sioux Falls, for Respondent.

GATES, J. This action was brought by a citizen, resident, and taxpayer of the city of Watertown against individuals con-

sisting of the mayor, aldermen, city attorney, and city auditor of said city. The city was also made a nominal party defendant. The complaint alleges the sale of city bonds for a less sum than authorized by law, asks that an accounting be had and that the defendant individuals be required to pay to the city the difference between the amount for which the bonds were sold and the amount for which they could legally have been sold. The defendants have attempted to appeal from orders overruling demurrers to the complaint. The cause is now before us upon respondent's motion to strike the cause from the records of this court upon the ground of want of jurisdiction in this court to entertain the purported appeal. Aldrich v. Pub. Op. Pub. Co., 27 S. D. 589, 132 N. W. 278.

[1] To render an appeal effectual for any purpose an undertaking for costs and damages must be executed (Rev. Code 1919, § 3150), unless a cash deposit is made or unless the undertaking and deposit are waived in writing by respondent (Rev. Code 1919, § 3151, or unless the statutes otherwise exempt the appellant from furnishing an undertaking (e. g., Rev. Code 1919, § 3161). Bonnell v. Van Cise, 8 S. D. 592, 67 N. W. 685; Coburn v. Board, 10 S. D. 552, 74 N. W. 1026; Aldrich v. Pub. Op. Pub. Co., supra. No undertaking was served or filed. No cash deposit was made. No written waiver of an undertaking or deposit was executed by respondent.

[2] Appellants, other than the city, resist the motion to strike upon the ground that appellants were sued and have appealed in a purely official capacity, and therefore that no undertaking was required. Section 3161, Rev. Code 1919, reads as follows:

"When the state, any state board or officer, any county or municipal corporation, or its officers, in a purely official capacity, shall take an appeal, service of the notice of appeal shall perfect the appeal and stay the execution or performance of the judgment or order appealed from and no undertaking need be given, but the Supreme Court may, on motion, require security to be given in such form and manner as it shall in its discretion prescribe as a condition of the further prosecution of the appeal."

It is clear to us that the action is one based upon the alleged violation of official duties by the above-named city officers. The

relief demanded consists of a judgment against them and in favor of the city of Watertown. No relief whatever is sought against the city nor is official relief sought against the individual defendants. The action was not brought against such officers in their official capacities. They were not acting on behalf of the city in defending this action, nor in appealing. They were acting contrary to the alleged interest of the city. It is clear that they do not come within the exemption of said section 3161. State ex rel Smith v. Blumberg, 34 Wash. 640, 76 Pac. 272.

[3] The second ground of resistance to the motion to strike is based upon estoppel. Written notice of the orders sought to be reviewed was given to appellants on November 16, 1923. The time within which appellants could appeal to this court would expire on January 15, 1924 (Rev. Code, § 3147). Notice of appeal was served on respondent on December 17, 1923. Appellants' brief in this court was served on January 9, 1924. Respondent's time to serve his brief would under rule 6 expire on February 8, 1924. On or about January 12, 1924, respondent sought and obtained from a appellants a written stipulation giving him until March 1, 1924, to serve and file his brief in this court. It is the making of this stipulation that appellants contend should estop respondent from questioning the absence of an undertaking on appeal. The thought underlying appellants' contention seems to be that, by asking for and receiving a stipulation putting forward the time within which his brief could be filed to a date after the expiration of appellants' 60-day period within which they could appeal, respondent has consented to the absence of an undertaking. But jurisdiction of an appeal cannot be conferred upon this court by consent. In re Gold Street, 2 Dak. 39, 3 N. W. 311. In Hazeltine v. Brown, 9 S. D. 351, 69 N. W. 579, this court held that the execution of a stipulation extending the time for serving brief and the serving of a brief by respondent did not affect his right to have the appeal dismissed, and said:

"The statute having prescribed the manner in which the undertaking can be waived, namely, 'in writing by the respondent,' this is the only manner by which such a waiver can be shown. When the waiver is made in the manner prescribed, the court has jurisdiction of the appeal, notwithstanding the failure to serve and file an undertaking; but such jurisdiction can only be con-

ferred ·by the waiver in writing.  The stipulation and serving and filing ·of a ·brief in this court might constitute a waiver of an irregularity that by the rules of this court is made a ground for a dismissal of the appeal, but cannot confer jurisdiction upon this court.  The serving of notice of appeal in the manner prescribed, and of an undertaking, deposit of money with the clerk, or waiver of such undertaking, and deposit in writing, are jurisdictional acts, and are not waived ·by an appearance in this court."

This doctrine was reaffirmed in Aldrich v. Pub. Op. ·Co., supra.  The ·California court held likewise in Little v. Jacks, 68 Cal. 343, 347, 8 Pac. 264, 9 Pac. 264, 11 Pac. 128, and in Mitchell v. Board, 137 Cal. 372, 70 Pac. 180.

[4]   Appellants ask that if the grounds of respondent's motion are deemed· well founded they be given permission to file an ·undertaking nunc pro tunc as of a date within the above 60-day period in accordance with the provisions of section 3167, Rev. ·Code 1919.  This· we have no power to grant after the expiration of. the 60-day period.  Aldrich v. Pub. Op. Co., supra; Bonnell v. Van Cise, supra.

As to the defendant ·city, however, the motion must be denied.  Confessedly, no undertaking ·was required so far as its appeal was ·concerned.  The city officials had the right to direct that an appeal should be taken by the city.  At this stage of the case, and upon the hearing of the present motion, we may not say that the city is not aggrieved ·by the ruling of the trial court in overruling its demurrer to the complaint.  McHarg v.· Commonwealth Finance Corp., 44 S. ·D. 144, 182 N. W. 705.

The ·motion to strike will be granted as to the purported appeal on ·behalf of the appellants, the mayor, aldermen, city au·ditor, and ·city attorney, but will be denied as to the appeal by the city of Watertown.  Meyer v. ·City of San Diego, 130 ·Cal. 60, 62 Pac. 211; Duggan v. Noell, 30 Tex. 451.  ·Respondent will be given 30 days from date hereof within which to file brief.  No costs will ·be taxed in this court.

Note.—Reported in 198 N. W. 478.  See, Headnote (1), American Key-Numbered Digest, Appeal an derror, Key-No. 373(1), 3 C. J. Sec. 1141; (2) Appeal and ·error, Key-No. 374(4), 3 C. J. Sec. 1162; (3) Appeal and error, Key-No. 392, 3 C. J. Sec. 1281; (4) Appeal and error, Key-No. 387(6), 3 C. J. Sec. 1253.