[Civ. Nos. 10402, 10420. First Appellate District, Division One.—July 13, 1937.]
(Consolidated Cases.)

THE PEOPLE, Appellant, v. ONE PLYMOUTH SEDAN, ENGINE No. PJ45999, Respondent.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellant.

Randall O'Neill and Morettini & O'Neill for Respondent.

TYLER, P. J.—Plaintiff commenced proceedings to forfeit the defendant automobile on the ground of unlawfully transporting narcotics. Pursuant to the state Narcotic Act, section 15, the following persons were notified of the proceeding, namely, J. D. Bollerino, the registered owner; Rice Securities Co. and Garden City Finance Co., the legal owners; and George Cleland, a party who might have an interest therein. The registered owner, J. D. Bollerino, filed an answer in which he denied that the automobile had been unlawfully used to transport narcotics. He set up his interest under a conditional sales contract and alleged that on June 8, 1936, he had loaned the automobile to one George Cleland, a friend and acquaintance, and with no knowledge of its intended unlawful use. The legal owners, Rice Securities Co. and Garden City Finance Co., also filed an answer in which they alleged that J. D. Bollerino had purchased the automobile from one Delmar Lopez; that before buying the conditional sales contract a reasonable investigation of the responsibility, character and reputation of J. D. Bollerino had been made. These third party claimants also denied that the automobile had been unlawfully used to transport narcotics. The case was tried under the terms of the state Narcotic Act. (Stats. 1929, p. 380, as amended by Stats. 1935, p. 2203.) The portion of the statute involved is found in subdivision (e) of section 15, reading as follows: " . . . the claimant of any right, title or interest in said automobile or other vehicle may prove his lien, mortgage, or conditional sales contract to be *bona fide* and that such right, title or interest was created after a reasonable investigation of the moral responsibility, character and reputation of the purchaser and without any knowledge that the automobile or other vehicle was being, or was to be, used for the purpose charged."

At the trial the state stipulated: 1. That the conditional sales contract under which the Garden City Finance Co. and the Rice Securities Co. claimed said automobile was *bona fide*. 2. That their right, title and interest under said contract was created without any knowledge that said automobile was being, or was to be, used for the illegal transportation of drugs. The issue here presented is therefore narrowed down to the question as to whether or not the right, title or interest of said finance company was created after a reasonable in-

vestigation of the moral responsibility, character and reputation of the purchaser. The trial court made no finding on the issue of unlawful transportation, but did make a finding that the right, title and interest of the third party legal owners had been created after a reasonable investigation of the moral responsibility, character and reputation of the purchaser, J. D. Bollerino. The judgment provided for the return of the automobile to the legal owner. From this judgment this appeal has been taken. After the judgment had been entered a cost bill was filed by the defendant, whereupon the plaintiff moved to strike all the items therein appearing. The court denied the motion and from this order plaintiff appeals.

As grounds for reversal appellant urges: 1. That the evidence is insufficient to sustain the trial court's finding that the interest of the third party claimants was created after a reasonable investigation of the moral responsibility, character and reputation of the offender. 2. That the trial court erred in refusing to strike all the items from the cost bill.

The claim that the evidence is insufficient to sustain the finding that a reasonable investigation of the moral character of the owner was made is totally without merit. The record shows Bollerino, who was the conditional sales vendee, was a butcher by trade and had been employed in a market in San Jose for several years; that his employer was visited by an agent of the finance company who made inquiry concerning his character and reputation, and was assured that he was all right. A certain credit association had also assured the finance company that the purchaser was responsible. The evidence concerning the inquiry satisfies the requirement of the act that a reasonable investigation be made, and fully supports the finding upon the subject. Upon the question of the allowance of costs, however, we are of the opinion that the court was in error. It is a general and established rule that costs are not allowed against the state in the absence of express statutory legislation. (23 Cal. Jur., p. 587.) Respondent seeks to justify the order under the provisions of section 1038 of the Code of Civil Procedure, which provides that when the state is a party, and costs are awarded against it, they must be paid out of the state treasury. This section does not authorize the imposition of costs, but merely specifies the source from which they shall be paid when authorized by statute.

The judgment ordering the return of the sedan to defendants Garden City Finance Co. and Rice Securities Co. is affirmed. That portion allowing costs in the sum of $43.60 is reversed.

Cashin, J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 7, 1937.