[Civ. No. 11104. First Appellate District, Division Two.—July 8, 1940.]

THE PEOPLE, Appellant, v. ONE 1937 PLYMOUTH 6 4–DOOR SEDAN, ENGINE No. P4–211565, Defendant; ANGLO CALIFORNIA NATIONAL BANK OF SAN FRANCISCO, CALIFORNIA (a National Banking Association) et al., Respondents.

Earl Warren, Attorney-General, and J. Albert Hutchinson, Deputy Attorney-General, for Appellant.

Robert G. Partridge and Leo Marshall Cook for Respondent Bank.

James B. Boland for Respondent Barry.

STURTEVANT, J.—This is an application to recall and modify the *remittitur* heretofore issued in the above-entitled action. The judgment rendered by the trial court was as follows: "Ordered, adjudged and decreed that plaintiff take nothing by its said petition, complaint, and notice of seizure, and that the automobile described as one 1937 Plymouth 6 4–Door Sedan Engine No. P4–211565, be returned to defendants and interveners Grace Barry, and Anglo California National Bank of San Francisco, a National Banking Association." The judgment ordered by this court provided as follows: "That portion of the judgment denying a forfeiture and ordering a return of the automobile is affirmed. That portion allowing costs to interveners and claimants is reversed." (37 Cal. App. (2d) 65, 74 [98 Pac. (2d) 750].) In preparing the *remittitur* the clerk inserted therein, "Whereupon it is ordered, adjudged and decreed by the court that that portion of the judgment of the Superior Court in and for the City and County of San Francisco denying a forfeiture and ordering a return of the automobile in the above entitled cause be and the same is hereby affirmed. That portion allowing costs to interveners and claimants is reversed. *The appellant to recover costs of appeal.*" ▇ The interveners and claimants contend that the last sentence contained in the *remittitur* was inserted through the mistake of the clerk and that it should be stricken out. The plaintiff contends that the error, if any, was the error of the court and that it has lost jurisdiction. We think the latter contention is without merit. Except as hereinafter specifically noted the judgment of the trial court was affirmed *in toto*. It is statutory that the prevailing party on appeal shall be entitled to his costs. (C. C. P., sec. 1034.) However the losing party was the plaintiff, the People of the State of California. As there is no statute providing that the State of California will pay costs in such a proceeding, and as the State of California is

not bound by general words contained in the statutes, no authority existed to award costs against the state. (*People* v. *One Plymouth Sedan,* 21 Cal. App. (2d) 715, 717 [69 Pac. (2d) 1011].) The statute provides that an order for costs may be made by the trial court. (C. C. P., sec. 1032.) Such orders are not correctly speaking a part of the judgment but are merely incidental thereto. (*Cain* v. *French,* 29 Cal. App. 725, 727 [156 Pac. 518]; *Two Rivers Mfg. Co.* v. *Beyer,* 74 Wis. 210 [42 N. W. 232, 17 Am. St. Rep. 131].) ■ There is no statute that authorizes costs to be awarded against the prevailing party. No different rule obtains when the state is a party. (*Commonwealth of Kentucky* v. *H. I. Todd, etc.,* 9 Bush (Ky.), 708.)

■ The plaintiff asserts that rule XXIII of the Rules of the Supreme Court and the District Court of Appeal provides that when a judgment is modified and the order of modification is silent that the clerk should insert in the *remittitur* a provision that the appellant recover costs. If the judgment in the instant case had been modified and the modification was not made of the mere incident (the order awarding costs in the trial court), that assertion would have merit. But in the present case, as stated above, the modification made by this court was made of the incidental order and not of the judgment proper. It follows that said rule has no application. Such, in effect, has been held when the court, instead of the clerk, worded the *remittitur.* (*Strupelle* v. *Strupelle,* 59 Cal. App. 526, 532 [211 Pac. 248].) The clerk's powers are certainly no more than the powers of the court.

■ Nor may it properly be said that in the present case this court should have inserted in its judgment a clause that each party should pay its own costs. Presumably each party had done so. Such clause was not required by any statute, by the rules of this court, nor by reason of established practice. (*Curtin* v. *State of California,* 61 Cal. App. 377, 393 [214 Pac. 1030].) It was settled law that the state was not liable to pay the defendant's costs. There was no statute that the prevailing party should pay the costs of the other. Under the common law no such liability existed. (*Commonwealth of Kentucky* v. *H. I. Todd, etc., supra.*) Therefore this court was not required to insert the clause mentioned.

It follows that the clerk was mistaken in assuming that rule XXIII required him to insert in the *remittitur* the words

complained of and that the *remittitur* should be recalled. (*Oakland* v. *Pacific Coast Lumber etc. Co.*, 172 Cal. 332, 337 [156 Pac. 468, Ann. Cas. 1917E, 259].)

It is therefore ordered that said *remittitur* be recalled, the sentence, "The appellant to recover costs of appeal", be stricken out and, as so changed, that the *remittitur* be returned to the trial court.

Nourse, P. J., concurred.