[Civ. No. 2829.   Fourth Dist.   June 12, 1942.]

MURRAY INNES, Respondent, v. CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Appellant.

Earl Warren, Attorney General, and H. H. Linney, Valentine Brookes and Lawrence S. Fletcher, Deputies Attorney General, for Appellant.

Irve C. Boldman and Bertrand L. Comparet for Respondent.

BARNARD, P. J.—This was an action to recover certain income tax payments made under protest. A judgment for the plaintiff was reversed on appeal. (*Innes* v. *McColgan,* 47 Cal. App. (2d) 781 [118 P. (2d) 855].)     The respondent has moved to recall the remittitur which was issued and to strike therefrom the words "appellant to recover costs." He contends that costs should not have been awarded against him since they could not have been awarded against the state if the judgment had been affirmed, and that any other interpretation of the rules and statutes would be violative of the constitutional provision as to the uniformity of general laws.

Section 1034 of the Code of Civil Procedure provides that the prevailing party shall be entitled to his costs. The appellant prevailed here, and the clerk entered the cost provision in the remittitur, pursuant to rule XXIII of the rules governing this court. Since the state, through one of its officers, was a party to this action costs could not have been awarded to this respondent had he prevailed. (*People* v. *One Plymouth Sedan,* 21 Cal. App. (2d) 715 [69 P. (2d) 1011]; *People* v. *One 1937 Plymouth 6,* 40 Cal. App. (2d) 38 [104 P. (2d) 372].) On the other hand the appellant, as the prevailing party, was entitled to costs under the specific provisions of section 1034 unless that section cannot constitutionally be applied under such a situation.

Section 1034 is uniform in its application regardless of who is the prevailing party. The inequality or preference here suggested arises from the established rule that costs may not be awarded against the state. ▮ That the state may not be sued without its consent is beyond question. Permission to sue the state is in the nature of an offer which must be accepted as made, if at all. If a statute merely gives permission to sue the state, through its officers acting in their official capacity, the action so authorized is subject to existing statutes and rules applicable to such a form of action. ▮ The action here in question was authorized by section 21 of the Personal Income Tax Act of 1935 (Stats. 1935, p. 1090, Deering's Gen. Laws, 1937, act 8494), as amended. That section authorized the bringing of such an action but in no way excepted it from the operation of existing rules and statutes. Not only was any inequality in the respect here in question, whereby one party might recover costs under circumstances where the other could not, a matter for legislative consideration, but the right to maintain the action depended upon the permission as given which did not include the right to any exemption from existing rules and statutes. It was for the Legislature, if it desired to do so, to remedy any inequality in the respect noted by appropriate provisions in the act granting permission to bring such an action. Not only was permission to bring this action subject to acceptance in accordance with its precise terms, but it may well be that the Legislature intended to leave this added burden upon the taxpayer by way of an inducement to pay the tax or a penalty for a failure to perform. As the court said in *Engebretson* v. *Gay,* 158 Cal. 30 [109 Pac. 880, Ann. Cas. 1912A, 690, 28 L. R. A. (N.S.) 1062]: "It is

the legal duty of every person liable for taxes to pay the same when due, and the power of the state to impose upon the taxpayer penalties for non-compliance with this duty, and such costs as are reasonably incurred in the enforcement of the same, . . . cannot be doubted."

It may be further observed with respect to the claim of lack of uniformity in these laws that the constitutional provision does not forbid all distinctions or classifications, but only those which are not founded on constitutional or natural differences. (Const., art. I, § 11.) Aside from any other consideration the fact that a state may not be sued without its express permission furnishes a natural ground of distinction which bears a reasonable and just relation to the matter here in question.

For the reasons given, the motion to recall and to modify the remittitur which was issued in this action is denied.

Marks, J., and Griffin, J., concurred.